SAMUEL R. MANNING

v.

THE PORT READING RAILROAD COMPANY.

1. Where an action at law in tort was brought to recover damages for the obstruction of an easement, and, upon a plea of not guilty, recovery was had, it is held that the plaintiff's right to the easement at that time was established between the parties to the suit.

2. Also that such recovery is *prima facie* evidence of the continuance of the plaintiff's right.

3. An easement is not lost by mere cesser of use for two years.

4. The owner of land subject to an easement of way cannot, without the consent of the person having the easement, change its location.

5. Where a person having an easement of way stands by, while a railroad company, without knowledge of his right, erects an expensive railway embankment over the place of the way, he will not be allowed a decree for the abatement of the obstruction until the railroad company shall have a reasonable opportunity to condemn the right of way.

On bill and answer.

The bill alleges that in the year 1865 Mefford Runyon conveyed to the complainant the timber growing, and thereafter to grow, upon a piece of land in Middlesex county, and in the year 1867 conveyed to him in fee a parcel of land adjoining the

first-mentioned property ; that the complainant took possession of the parcels of land and fenced them in one enclosure, and yet retains that possession ; that the properties could be reached only by means of a private way running from a public highway over lands lately belonging to one John L. Brewster ; that such private way, as a means of access to the lands aforesaid conveyed to the complainant, has existed from time without memory ; that it existed when the land of Brewster belonged to Ephraim L. Runyon, who, in 1861, conveyed it to Ephraim D. Boice, who in turn, in 1867, conveyed it to John L. Brewster and Herbert Murphy, Murphy subsequently conveying his interest to Brewster ; that in the year 1891 Brewster conveyed a strip of his land which crosses the private way nearly at right angles, to the defendant, in order that that company might construct thereon its railway, the defendant agreeing to take the land by conveyance upon the same terms as it would have it if it had condemned it by proceedings for that purpose under authority of the General Railroad law ; that among other things, the defendant agreed with Brewster to maintain a crossing over the railway between the portions of Brewster's lands remaining in his ownership and possession ; that the defendant fenced the strip purchased of Brewster on both sides and built its railway upon an embankment erected on the strip it purchased, which, at the point of crossing the private way, is ten feet in height ; that in July, 1893, the complainant commenced an action in tort against the defendant, in the Middlesex county circuit court, for damages because of the obstruction of his easement by the railway embankment from the time of the erection thereof to the commencement of that suit, which suit was removed to the court of common pleas for trial, and was there resisted by the defendant, under a plea of not guilty, after notice to Brewster, who had conveyed to it with a covenant of warranty, to the end that he might defend the suit ; that the trial of the issue resulted in a verdict of guilty against the defendant and an assessment of the complainant's damages at $95, besides costs of suit, upon which verdict judgment was duly entered ; that upon such judgment the defendant sued out a writ of error to the supreme court, which was subsequently dismissed.

The bill prays, among other things, that the defendant may be required, by decree, to abate and remove the obstruction to the private way, or at its own expense provide and maintain for the complainant's use a proper and convenient passage through its embankment and under its railway, at the place where it intersects the private way.

In its answer the defendant denies that the complainant has the right of way claimed by him; alleges that if he ever had it he has lost it by non-user; admits that it erected its embankment in 1891, and that in 1893 the complainant sued it in tort for obstruction of the private way aforesaid, and that it pleaded the general issue in the suit, and that the suit resulted as is alleged in the complainant's bill. It avers that since the suit at law aforesaid, upon each side of the strip of land purchased by it from Brewster, at the point where the private way crosses the same, it has constructed a gate in its fence, from which, northeasterly, it has built two roadways parallel with each other, one on each side of the railway embankment, running a distance of about two hundred and fifty feet, and gradually rising until a grade crossing of the railway is reached, its purpose being by that means to provide a method of crossing the railway without going through the railway embankment; that a crossing through the railway embankment would cost $5,000 or $6,000, while the yearly damage to the complainant from the obstruction which the railway embankment occasions will not exceed $25.

*Mr. Alan H. Strong*, for the complainant.

*Mr. Robert Adrain*, for the defendant.

THE CHANCELLOR.

Two questions present themselves—*first*, whether the existence of the right of way claimed by the complainant is established by the pleadings, taking the answer as true; and *second*, whether the defendant can require the complainant to accept the substitute it offers for the complainant's original crossing over the strip conveyed to it by Brewster.

*First.* We have, in the bill and answer, this posture of allegation : The complainant asserts an easement in the private way in himself and the defendant denies it. The complainant adds that in 1893 he sued at law in tort for damages because of the obstruction to the identical easement claimed and, upon issue raised by the defendant's plea of not guilty, he recovered damages. The defendant admits this to be true.

To so recover the complainant had to show (1) the existence of a right to himself in the easement, and (2) the obstruction of the easement. Failing in either particular, the judgment must have been against him. I think that his recovery in that action against the virtual owner of the land establishes the existence of his right to the easement at the time when that suit was brought, and is *prima facie* evidence of the continuance thereof. *Parker* v. *Standish, 3 Pick. 288.*

Now, the answer avers that if the complainant ever had the easement he has lost it by non-user, the specification of which manner of loss impliedly excluding claim of loss in any other way. If the complainant had the easement in 1893, as his recovery establishes, his loss by non-user must have occurred since that time. , It is not alleged that circumstances indicative of an intention to abandon the easement accompanied the non-user, so that a presumption of release arises, exist. The allegation is of mere cesser of use, which could not have continued more than two years. The easement cannot be thus easily lost. *Godd. Easem. 466.* So understanding the allegations of the answer, I think that the complainant's right is in effect admitted.

*Second.* I am also satisfied that the defendant is without power to change the location of the complainant's right of way and substitute another way for it. *Jennison* v. *Walker, 11 Gray 423 ; Bannon* v. *Angier, 2 Allen 128; Smith* v. *Lee, 14 Gray 473 ; Chandler* v. *Jamaica Pond Aqueduct, 125 Mass. 550.*

*Third.* In determining what relief the court should afford the complainant, it is considered that he stood by while the defendant, so far as appears, without knowledge of his right, erected its railway embankment and built its railroad thereon, permitting it to make expenditures which a timely assertion of his

4

right might have enabled it to save, and, on the other hand, that his right is established, and unless this court shall interfere, it is apparent that repeated lawsuits must be resorted to in order to secure him from time to time compensation for the damages which he will continually suffer.   Under the circumstances it will be equitable, I think, to allow the defendant six months within which to condemn the complainant's right of way, and if within that time or within such further time as, upon its application, the court may think proper to allow, the right of way shall not be condemned, it will be decreed that the defendant shall remove the obstruction.