CALEB E. SHREVE

*v.*

EBENEZER S. MATHIS.

[Filed May 14th, 1902.]

1. Where the complainant is, at the time of filing his bill, in the actual possession and enjoyment of a right of way over which he is conducting a business which is dependent upon the use of the way, and the defendant,

denying the complainant's right to the easement, threatens so to obstruct the way as to interfere with and destroy the complainant's business, this court will restrain such interference, pending litigation to determine the dispute as to the right of the complainant.

2. Where the terms under which the complainant claims the easement are not words of conveyance creating a legal estate, but words of agreement, creating an equitable one, he will not be sent out of this court to establish his title in a court of law.

3. The case of *Todd* v. *Staats, 15 Dick. Ch. Rep. 507*, distinguished.

4. Where by a deed a lot of land is conveyed by apt words and distinct description, and in the same deed there is an agreement for a "free and unobstructed right of way over a certain private alley, situate," &c., by separate and disassociated description, not referring the right of way to the lot, the right of way is in gross, and not appendant to the holding of the lot.

5. A right of way expressed in the words quoted, contains no specification limiting either the manner or the extent of its use. Any use, consistent with the use of a right of way, by foot passage, or of teams, wagons, horses or other animals, is within such an agreement.

---

On bill, answer, replication and proofs.

The complainant is the owner of a lot of land in Atlantic City, lying about one hundred feet northerly from the north side of Pacific avenue and about one hundred and fifteen feet easterly from the east side of Virginia avenue. The bill alleges that the complainant has for some years been, and that he now is, in possession and occupation of a free right of way over a private alley eight feet wide, which runs from the rear end of his lot to Virginia avenue, and that he has been and is using the same as a right of way in the conduct of his milk business for purposes of passage to and from his combination cottage and milk depot by himself, his employes, patrons and tradesmen, with whom he does business, with wagons and conveyances, necessary and usable in and about his operation in conducting his milk depot. He alleges that the alley has been so used since January, 1891, to the defendant's knowledge, and without his interference until the present obstruction.

The following diagram shows a plan of the lot on which the complainant has erected his combination cottage and milk-house, and also the alley over which he claims the right to conduct his milk business:

Shreve *v.* Mathis.

The corners A, B, C, D, enclose the lot conveyed by the defendant to Mrs. Shreve.

The milk-house is located on the nearly square lot enclosed in heavy black lines.

The alley in dispute enclosed in heavy black lines.

Shreve v. Mathis.

The bill further shows that on the 11th of December, 1900, the defendant forbade the complainant, his servants and other persons from continuing to use the alley, as had been their practice in the usual and ordinary business of the complainant, and that he built an obstruction in the alley to prevent the complainant's use of it as a passageway and assaulted the complainant's servant in further interference with its use. The complainant alleges that he has no method of reaching his milk depot and cottage, except through and over this alley, which is surrounded on every side by private residence property, and that if he shall be prevented from the use of it his property for the purposes for which it has always been used, will be worthless; that his business is of such a character that free and uninterrupted access to his milk depot is absolutely necessary to its successful conduct, and that the defendant's interference, by preventing the complainant's use of the alley, will, if continued, entirely ruin and destroy his business.

The bill shows that in 1891 the defendant, Ebenezer S. Mathis, conveyed in fee by metes and bounds to Elizabeth T. Shreve (the wife of the complainant) the lot of land which included that on which the milk depot has since been erected. The same deed, by a separate description, disposed of an interest in the alley in these words:

"And also it is hereby mutually understood and agreed that both parties to these presents, their heirs and assigns, shall at all times have a free and unobstructed right of way in and over a certain private alley, situate on the east side of Virginia avenue, between Atlantic and Pacific avenues, Atlantic City, New Jersey, and bounded as follows :"

[Giving the metes and bounds of description of the alley.]

In 1900 Elizabeth T. Shreve conveyed in fee to one Eva M. Mathis all that portion of the lot which bounded on the alley, and which included the milk depot by metes and bounds. This piece has no egress, except through the alley in question, as it lies one hundred feet from Pacific avenue and one hundred and fifteen feet from Virginia avenue. (See diagram.)

In the same deed the alley was disposed of in the same words and phrases above quoted, which had been used in the defendant's deed to Mrs. Shreve.

In the same year (1900) Eva M. Mathis granted to the complainant the premises conveyed to her by the last-named deed, describing the lot by the same metes and bounds and using the phrasing above quoted in dealing with the alley.

The only defendant is the grantor named in the deed of 1891 above recited, who is the person who has obstructed the complainant's use of the alley.

The complainant prays that Mathis may be restrained from obstructing the free and uninterrupted use of the alley by the complainant, his employes and the various persons with whom he conducts his business, and that if the defendant's conveyance of 1891 (the words of which are above quoted) shall be adjudged to be a contract and not an actual grant of the alley, then that the defendant's deed may be decreed to have been a conveyance, and for other and further relief.

An order to show cause for a preliminary injunction restraining interference with or obstruction of the complainant's use of the alley was allowed. Upon the coming in of the order to show cause, the defendant filed his answer, and after argument, a preliminary injunction was allowed, restraining the defendant from obstructing the complainant's use of the alley.

The defendant's answer admits his conveyance, above recited, of a free and unobstructed right of way over the alley in question, but avers that the fee-simple title to the alley was, and still is, in himself. He denies that the complainant has any interest in the alley, and denies that the deed made by him (the defendant) granted any interest other than a right of way over the surface of the alley, and denies that he has in any way granted any greater right. He denies that he had any information that the grantee in his deed intended to use the portion of the land conveyed for the purpose of conducting a milk business, but admits that his grantee went into possession of the premises conveyed and erected a combination cottage and milk depot, and that the alley has since been used in connection with the said milk business, but he denies that he ever acquiesced in that use, and avers that he has always objected thereto. He admits that the complainant has used the alley for the purposes named in and about his milk business, but insists that this use was despite

his protests and against his assertion that the alley could be used only for egress and ingress by foot over and upon the surface of its soil.

He admits that he denied the right of the complainant and his employes to use the alley for the purpose of driving wagons and conveyances over it. He admits that he erected over the alley an obstruction to prevent their passage through it, but insists that the obstruction did not interfere with the free use of the right of way as a private alley. He avers that the complainant has no right in the alley such as he claims, and that the limit of his right is the use of the alley as a private way, and denies that the limitation of the complainant's use of the alley to that of a private way would work irreparable damage to him in the conduct of his milk business.

Issue was joined and the cause came to final hearing.

*Mr. Eli H. Chandler,* for the complainant.

*Mr. S. Cameron Hinkle* and *Mr. Clarence L. Cole,* for the defendant.

Grey, V. C.

The essence of the dispute between these parties is the defendant's denial of the complainant's right to use the alley in question for the passage of wagons and horses in and about the conduct of his business. The execution and delivery of the deeds above recited are not denied. That the defendant had granted a right of way for use as a private alley, while, in form, denied in the answer, was admitted on the argument.

The defence is made, first, on the ground that the case is within the ruling of the court of appeals, in *Todd* v. *Staats, 15 Dick. Ch. Rep. 507,* to the effect that where the fundamental right of the complainant is based upon an alleged easement in lands of the defendant, which is in substantial dispute, the establishment of the right at law must precede the interference of a court of equity.

The case under consideration differs in several essential particulars from the case of *Todd* v. *Staats.* In that case both the

legal right to the easement and the location of it on the land were in dispute. There was no actual user and enjoyment of it in the conduct of a business which would be destroyed by a cessation during the pendency of a suit. In this case there is no dispute regarding the territorial location of the easement: Both sides agree upon the existence and boundaries of the alley. It is not disputed that the complainant is entitled to a way over the alley. He has for years been in the actual use of it. The point disputed is the character of the use which he is entitled to make of the way—a question, not of fact to be found by a jury, but of law to be determined by a court upon an inspection of the alleged grant.

It is also substantially undisputed that the defendant has so obstructed the alley that the complainant is unable to use it in the manner in which for years, he, and those under whom he claims, have been accustomed to use it, and it manifestly appears by the defence made that the defendant intends to continue so to obstruct it, unless restrained by the process of this court. Such interference would be, substantially, a destruction of the complainant's milk business, as his milk-house would be cut off from all street or alley access. This would be an injury continuous in its nature, for which no adequate relief can be afforded him at law.

Another distinction between the *Todd Case* and that now under consideration, appears in the character of the title to the easement. In the *Todd Case* every question suggested is declared by the court of appeals to lack any element of an equitable nature and to be properly determinable by the courts of law (at *p. 513*). An examination of all the deeds submitted in this case will show that the clause which deals with the right of way is disassociated from the words of grant in the deeds. The words used are not words of conveyance, but of promise and agreement, and if the complainant were sent before a law court to establish a title to the way, it might there be forcefully argued that he has no legal title to the easement; that his rights on the face of all the deeds are purely equitable and he would, after all, be obliged to ask the intervention of this court to secure him

the benefits of his purchase. For these reasons the decision in *Todd* v. *Staats* cannot be considered to control the present cause.

The defendant contends, secondly, that by the terms of the deed made by the defendant to Mrs. Shreve, the alley is usable only by the owner of the whole of the lot conveyed by that deed and not by the owner of a part only of that lot, which the complainant in this case has come to be. The expressions in the defendant's deed regarding the right of way, are an agreement that the grantee and grantor, "their heirs and assigns, shall at all times have a free and unobstructed right of way in and over a certain private alley, situate," &c. The complainant has, by intermediate conveyances, come to be the holder of title to the northern end of the lot which the defendant conveyed. This is the part which the complainant holds and on which he has erected his milk-house and conducts his business. It comprises the only part of the lot which the defendant conveyed, which adjoins the alley. (See diagram.) The occupants of the other part cannot reach the alley without crossing the complainant's lot. The effect of this division of the lot conveyed by the defendant, has been to lessen rather than to increase the area of land which may use the alley, if the point made has any significance. To declare that the alley can be used only by each holder of the whole of the lots owned by the defendant and his grantee, at the time the defendant conveyed in 1891, would probably be a greater disadvantage to the defendant than to the complainant, for the lot the defendant then owned bounds on the alley for one hundred and fifteen feet and is so located that a subdivision of it into smaller lots which may use the alley as a back entrance, may be very profitable to the defendant. The terms used in his deed are of mutual agreement as to the use of the alley. They bind the defendant and his assigns, as well as his grantee and his assigns. If one is required, in order to use the alley, to be the owner of the whole of the lot, it is difficult to say that the other is not. To hold that only the owner of the whole of each lot may use the alley, would be a very serious injury to both parties. Nothing in the expressions used in the deed justifies such a construction.

12

There is, in fact, nothing in the argument for the right of way which either limits its use to the lot conveyed by the same deed, or even relates it to that lot. The agreement for the way is entirely separate and disassociated from the grant of the lot. One passes by one description and set of words, perfect and complete in themselves; the other by another description and set of words which are entirely distinct and unrelated. The terms of the defendant's deed are such that the rights of the grantee in the way are in gross, and not appendant to the ownership of the lot conveyod in another part of the same deed.

The last point made by the defendant is his claim that the right of way is over a private alley, and that the use to be made of it must be as a footway for the owners, and not as a foot and wagonway for themselves and such as may have business with them. The agreement for the way contains no specifications of any particular manner in which the alley should be used. It imposes no limitation on the extent of the use. It is declared that it shall be a free and obstructed right of way over a private alley. Any use consistent with the use of a way is within the agreement. A footway, a wagonway, a passage for horses or other animals are all permissible uses of a way. The reference to a private alley distinguishes it from a public alley, the care and maintenance of which is charged on the public, but does not define or limit the character or the use which those persons entitled to a right of way over the private alley shall make of it. Nor is the owner of the way limited to its use by himself in *propria persona.* The way belongs to him as his property. All persons having occasion may, with his permission, transact business with him by passing to and fro over the way. He may use it by his servants and employes in conducting his business.

The complainant is entitled to relief. A decree will be advised in accordance with the views above expressed.