IMPERIAL REALTY COMPANY, respondent,

*v.*

WEST JERSEY AND SEASHORE RAILROAD COMPANY, appellant.

[Argued June 22d, 1911.   Decided November 20th, 1911.]

Where complainant asserts that it has an easement over defendant's land, and seeks to restrain the defendant from interfering with its use, and defendant disputes its right, equity will not interfere by injunction until such right is established at law.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, whose opinion is reported in *78 N. J. Eq. (8 Buch.) 110.*

*Messrs. Bourgeois & Coulomb,* for the appellant.

*Messrs. Thompson & Smathers,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant, the Imperial Realty Company, by its bill in this case seeks an injunction restraining the defendant from interfering with its free use and enjoyment of an alleged right of way over lands of the defendant, the right of way being, as is claimed, an alley twenty feet in width, located at the rear of the

complainant's land. The defendant, by its answer, denies the existence of such an alley, or that the complainant has any right of way over, or easement in, the land sought to be covered by it.

It is the settled law of this state that where the fundamental right under which the complainant prays equitable relief is the legal title to an easement in lands of the defendant, and that right is in substantial dispute, its establishment at law is necessary to justify the interference of a court of equity. *Todd* v. *Staats,* 69 *N. J. Eq.* (*15 Dick.*) 507; *Borough of South Amboy* v. *Pennsylvania Railroad Co.,* 77 *N. J. Eq.* (*7 Buch.*) 242; *Mason* v. *Ross,* 77 *N. J. Eq.* (*7 Buch.*) 527. The learned vice-chancellor who heard the cause in the court below, while recognizing the existence of this rule, considered that it did not apply to the case in hand because he found, from the proofs submitted, that the legal right of the complainant was not substantially in dispute, its existence being made clear, as he conceived, by facts which were not denied. He, for this reason, proceeded to final hearing on the merits, without first requiring the complainant to establish the existence of its alleged easement by an action at law.

We are not entirely satisfied that the dispute between the parties as to the present existence of the right asserted by the complainant was unsubstantial. But, be that as it may, there was certainly much more than a formal dispute with relation to the extent of that right. The complainant asserted that it had an easement of way over all portions of a strip of land twenty feet in width, belonging to the defendant, and this claim was disputed by the defendant. The vice-chancellor concluded that the complainant had failed to establish its easement to the full extent of its claim. and held that under the proofs its right was clear only to a way ten feet in width; and then restrained the defendant from interfering with the complainant in its use of the way as so defined. In the late case of *Borough of South Amboy* v. *Pennsylvania Railroad Co., supra,* the primary matter in dispute was the width of a public road. After a consideration of the proofs submitted the court of chancery adjudged that it was "at least two rods wide," and undertook to settle the rights of the parties upon that basis. It was held in this court that the action of the

court of chancery was unwarranted for the reason (among others) "that the proper forum for settling the width of a highway is a court of law, and the proper method for its correct determination is a trial by jury." *Opinion p. 246.* The principle underlying the decision is, of course, that the extent of a purely legal right, as well as the existence thereof, is a matter to be settled at law, and until it is so settled, the aid of a court of equity in its enforcement cannot properly be invoked.

For failure of the complainant to establish at law the extent of its claimed right before filing its bill the decree below must be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE—12.