In Graves v. Fancher et al., 81 N.J. Eq. 407; affirmed,Ibid. 517, a bill to quiet title, decided in 1912, the title to the land involved in this suit — Wawayanda lake, in Sussex county — was held to be in the complainant in fee, and it was accordingly decreed that the defendants "have no title, interest in or encumbrance upon the same or any part thereof," and as against the defendants that "the title of the complainant, in and to the same, and every part thereof, is hereby determined, fixed and settled and declared to be good." The land involved is described as:
"All the lands lying on the southwest side of the road leading from the Wawayanda furnace to Vernon covered by the waters of the Wawayanda lake at any height of said waters from low to high-water mark, said high-water mark being a straight line cut into the rock near the southern end of the main dam of the Wawayanda lake, and above said line is cut the letters H.W., and also all the lands lying on the northeasterly side of the road leading to Vernon as aforesaid [said lands being part of the farm known as the Banta farm], covered by the waters of the Wawayanda lake at any height of said waters from low to high-water mark, said high-water mark being determined as aforesaid."
In 1871 the Thomas Iron Company owned Wawayanda lake and the lands bordering on it, not including the Banta farm of one hundred and twenty-six acres, owned by John Rutherford. The lake was dammed and the water used to supply power to the company's mills. Some time between 1871 and 1875 the company took out the old dam and put in a new one some two feet higher, the effect of which was to back the water on the Banta farm. To avoid trespassing the company purchased from John Rutherford, by deed dated April 22d 1871, the right and privilege of flowing with water the lands above described "with the appurtenances and all the estate, title and interest of the said parties of the first *Page 67 
part therein." The deed was held to pass the fee. In 1911, when the Graves-Fancher suit was begun, the title to the Thomas Iron Company property was in Nelson Z. Graves, and that of John Rutherford to the Banta farm was in the Fanchers.
The Graves title is now in the complainant. The Fancher title is in the defendants. The complainant sues to restrain the defendants from trespassing on the lake by fishing, boating, cutting ice, c.
It is admitted that the title to the land is settled, but the defendants deny that the location of the land is res judicata
by the decree in the former suit. The position is not sound. Thelocus in quo there involved is the one now invaded, and as peaceable possession thereof was sine qua non to the jurisdiction of the court, the decree as conclusively establishes the location as it does the title. The question of location was inherent in the cause and indispensable to the judgment. The fact that the court decided that the complainant's title rested in fee was not a limitation of its broader decision that his title to the locus in quo was good as against the defendant. City ofPaterson v. Baker, 51 N.J. Eq. 49.
Testimony was offered as to the location of the bench mark — the "straight line cut into the rock near the southern end of the main dam of the Wawayanda lake and above said line is cut the letters H.W.," and to prove that the surveyor who located it in 1911 on the rock near the southern end of the main dam, and by whose testimony the locus in quo was established in the former suit, and which was reiterated here, erred. The purpose was to substantiate the defendants' claim that the water was at that time and now is higher than the true bench mark which they seek to place at a lower level, and that they have the right to go upon and use so much of the lake as flows their land in excess of that mark.
The surveyor who located the bench mark in 1911 on a rock near the dam, after it was shown to him by a witness, who said it had been previously pointed out to him by another as the mark, adopted it for his survey of the lake, which he made when the ice was at the height of the bench mark, and *Page 68 
to which the survey conformed. The survey was used in the former trial and at the hearing here to denote the locus in quo. The surveyor and the witness again located it shortly before this suit was brought, described it as somewhat fainter, and for future identification inserted a brass pin at the point in the rock. Defendants' witnesses say there was no such visible markings on the rock, and the state geologist expressed the opinion that if any had been made within the past hundred years it could have been obliterated because of the nature of the rock. Other witnesses testified that there had been, or they were told there had been, a stone with such markings in the face of the old dam, at that time some two feet lower than the supposed markings on the rock, but no importance can be attached to it for, manifestly, the Rutherford flowage deed of 1871 refers to a new and higher bench mark. None of the defendants' testimony is entertainable. Whether the surveyor and the supporting witness found on the rock characters corresponding to the bench mark of the Rutherford flowage deed, and whether they are in fact those referred to in the deed, is of no consequence at this time. The authenticity of the bench mark as proved in the former suit, and by which the locus in quo was then established, was there conceded by the defendants, at least they did not dispute its genuineness. They had their day in court and are estopped from again litigating the point.
Shortly after John Rutherford made the flowage deed, April 22d 1871, the Thomas Iron Company, September 22d 1871, conveyed to Rutherford a tract of thirty-nine acres adjoining the Banta farm on the southeasterly side, the title to which is in the defendants, and was in them or their privies when the Graves suit was begun and decided. They claim this tract extends into the lake, and that as there was no reservation of flowage right in the deed, they are not trespassers to the extent of their title under water. The nineteenth course of this tract is tied into the fourth course of the Banta farm at a point landward of high water fixed by the deed from Rutherford to the Thomas Iron Company, April 22d 1871. The two courses meet at a sharp angle, and *Page 69 
that point is the nearest approach of the tract to the lake. Obviously, there was no reservation of a right of flowage. But if the title of this tract extends into the lake, beyond the high-water mark, the defendants are barred by the decree in the Graves suit. They were called upon by that bill to defend all their rights. They made no claim under their title to the thirty-nine acres, and it is now too late to assert it.
It was suggested but not discussed that the former suit involved only a strip of land between high and low-water mark — a ring around the lake — and that as the defendants' title extends beyond the strip, they have a right to cross it as of necessity. A way of necessity may be reserved to a grantor by implication.Lewis v. Seymour, 13 N.J. Eq. 439. The bill was plainly to quiet title to all lands covered by Wawayanda lake to high-water mark, and the point, if it had any merit, is now without force.
The complainant is entitled to an injunction.