THE BOROUGH OF WEST LONG BRANCH, complainant-respondent,

v.

JOHN HOCH et al., defendants-appellants.

[Decided February 1st, 1926.]

1. Where the fundamental right under which a complainant claims equitable relief is based upon the alleged existence of an easement in lands of another, and the existence thereof is in substantial dispute between the parties, the complainant must first establish by a suit at law the validity of his claim in order to justify the interference of a court of equity.

2. Counsel cannot by mere silence or by express consent confer upon courts of equity the power to determine litigated matters which, under our judicial system, must be settled in a court of law.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Foster, whose opinion is reported in *99 N. J. Eq. 103.*

*Messrs. Hobart & Minard,* for the appellants.

*Mr. William A. Stevens,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed by the borough to restrain the defendants, Hoch and Tilton, from obstructing a certain roadway, which was alleged in the bill to be a public street of the borough. The answer denied that the roadway was a public street, averred that it was a private way belonging to the defendants jointly, and asserted their right to obstruct or close it, as they should see fit. The hearing resulted in favor of the borough, based upon a finding of fact that the way in question was a public and not a private one, and a

decree was entered, as a result of this finding, restraining the two defendants from interfering in any way with the user thereof by the public. From this decree the defendants have appealed.

In 1892 one McIntyre, who was then the owner of the fee over which this way was constructed and of the land on each side thereof, laid it out through his property for his own accommodation. It is some two hundred and fifty-two feet in length and extends from a public street in the borough, known as High street, to the property line of an adjoining owner named Lane. Subsequently, McIntyre sold his property in two parcels, divided by the middle line of this roadway, the portion lying to the east thereof being sold to a person from whom the defendant Hoch traces his title, and the part thereof lying on the other side of the line being sold to the defendant Tilton. A considerable amount of testimony was submitted by the borough for the purpose of showing an adverse public user of this way for more than twenty years. The defendants, on the other hand, submitted proofs showing that such use of this roadway as had been enjoyed by the public was permissive, and also that it was not used by the public generally, but only by comparatively few people and for special purposes.

The fundamental dispute between the parties to this litigation is as to the existence or non-existence of a public right in this strip of land, and this dispute is substantial and not merely formal, as an examination of the testimony convincingly shows. It is entirely settled by our decisions that where the fundamental right under which the complainant prays equitable relief is based upon the alleged existence of an easement in lands of another, and the existence thereof is in substantial dispute between the parties, the complainant must first establish by a suit at law the validity of his claim in order to justify the interference of a court of equity. *Imperial Realty Co.* v. *West Jersey and Seashore Railroad Co., 79 N. J. Eq. 168,* and cases there cited; *Ostrander* v. *United New Jersey Railroad and Canal Co., 83 N. J. Eq. 645.* The reason for this rule is that the question as to whether or not such an

easement of way exists is a purely legal one, which must be settled in a court of law by the verdict of a jury, and is not determinable by a court of equity.

It is argued that in the present case the rule just adverted to should not be applied, for the reason that the jurisdiction of the court of chancery was not challenged, and that counsel for the defendants consented that the issue of fact should be determined by the vice-chancellor before whom the hearing was had. It is enough to say in disposing of this contention that counsel cannot, by mere silence or by express consent, confer upon courts of equity the power to determine litigated matters which, under our judicial system, must be settled in a court of law; or, stated in another way, strip the law courts of jurisdiction conferred upon them under the constitution and transfer it to courts of equity. If counsel for the defendants had moved to dismiss the bill for lack of jurisdiction in a court of equity, a refusal to grant this motion could not have been legally justified. As no such motion was made, the proper course for the court of chancery to have pursued was to retain the bill until the complainant should have had a reasonable opportunity to establish its title by a suit at law. *Todd* v. *Staats, 60 N. J. Eq. 507;* *Mason* v. *Ross, 77 N. J. Eq. 527.*

The decree under review will be reversed, and the record remitted to the court of chancery, with instructions to retain the bill until the complainant has been afforded a reasonable opportunity to establish in a court of law the validity of its claim that the alleged way is in fact a public highway.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 15.