This controversy concerns complainant's claim to an easement or right of way leading in a southerly direction from Ryle avenue (formerly known as Totowa road or avenue and Water street) in the city of Paterson over lands owned by the defendants, to complainant's land and mill premises, the use of which right of way the defendants deny to complainant and seek to bar. The complainant's claim is based on grant and prescription. Complainant and defendants have a common source of title in George Addy, who acquired his title to both tracts (and more) in 1866. The following conveyances show the source of complainant's title to its lands (the same consisting originally of two parcels) and to its claim to the right of way by grant.
By deed dated May 1st, 1867, Addy conveyed to Henry C. Post a large lot of land, part of which fronted on a public street called Geering lane, "together with the privilege of free egress and ingress from and to said lot and through a lane extending to the same from Totowa avenue, said lane from its beginning point at Totowa avenue to the southeast corner of the old Lemuel Griffin house being of a width of twelve feet and from said corner of said Griffin house to said lot along the river front a width of twenty feet." Post gave two mortgages on the property which were subsequently foreclosed and the mortgaged premises passed at sheriff's sale to Rebecca Post in 1880, who conveyed to George Addy by deed dated May 10th, 1883. The conveyances cover one of the parcels afterward acquired by complainant and the defendants claim that the reacquisition of this parcel by Addy extinguished the right of way he had granted Post. I shall deal with that question later. Addy thereafter conveyed to Charles Vermorel by three deeds dated respectively May 1st, 1885, June 13th, 1885, and January 30th, 1888, all the land he had acquired by deed from Rebecca Post, the whole forming a plot fronting on Geering lane. No mention is made in said three deeds of a street or lane running to Ryle avenue.
Title to the second parcel of land now owned by complainant remained in Addy as acquired by him in 1866, until *Page 158 
his deed to Joseph Taylor dated May 1st, 1868, whereby he conveyed two lots, describing the first as "beginning on the northeasterly side of a small street or lane near the Passaic river * * * and running thence southeasterly along said street about ninety-nine feet to lands of Henry C. Post, c.," and describing the second lot as "all the lands lying on the southwesterly side of said street between said premises and the river." This conveyance of land expressly bounding on a street or lane, covered not only the land particularly described but carried with it Addy's implied covenant that there was a street or lane which Taylor had the right to use for access to the land. It would be absurd to think that such right of passage was limited to a way directly in front of the land, which led nowhere, so that the necessary and further implication is that the easement thus granted Taylor carried beyond the street or lane in front of his property to such connection as it had to a way, of which it was a continuation, in order to afford Taylor access and egress by means of the whole way to and from the street front of his land and a public street. Booraem v. NorthHudson County Railroad, 40 N.J. Eq. 557; Lennig v. Ocean CityAssociation, 41 N.J. Eq. 606; Dodge v. Pennsylvania Railroad,43 N.J. Eq. 351; affirmed, 45 N.J. Eq. 366; Dill v. Board ofEducation, 47 N.J. Eq. 421; White v. Tide Water Oil Co.,50 N.J. Eq. 1. The land conveyed to Taylor adjoined on the south the lands conveyed by Addy to Post and the southerly end of the street or lane mentioned in Taylor's deed was on Post's line, so that Taylor had no outlet in that direction to a public street. Addy's conveyance to Post included a right of way from Post's land to Ryle avenue and Addy spoke in his deed of the lane over which Post's right of way extended, as an existing lane running from Ryle avenue to the corner of the old Lemuel Griffin house which house, the evidence shows, stood on the Taylor lot. Evidently this was the house in which Taylor resided and it seems a fair inference that Post's right of access to Ryle avenue was by means of a lane which ran from his land through the property Addy afterward conveyed to Taylor and which in the deed to Taylor, Addy called a street or lane and *Page 159 
that by necessary implication the use given Taylor of the street in front of his land, extended beyond Taylor's land and over the same lane which served as an outlet for the Post property.
It is a fact, disclosed by the record, that Taylor claimed the right to use and did use the lane leading to Ryle avenue as appurtenant to the land conveyed to him by Addy and that Addy conceded such right. The record consists of the pleadings, order and decree in a cause in this court wherein Taylor was complainant and Addy was defendant. In his bill filed November 3d 1875, Taylor alleged that his deed from Addy conveyed a tract of land which fronted on and adjoined a street or lane running from Water street, on which he resided and that said street or lane afforded the only means of access to and from his (Taylor's) lands and Water street and he charged that Addy was digging a trench therein and prayed that Addy be enjoined from obstructing his use of the street or lane. An order was issued on Addy to show cause why an injunction should not issue against him and restraining him in the meantime from obstructing the lane. Addy filed a verified answer wherein he admitted the existence of the lane and did not deny Taylor's claim of right to use it and said that upon his (Addy's) agreeing to give Taylor a better and more convenient way from Water street to his (Taylor's) house, Taylor had consented that he (Addy) might erect a mill building on a portion of said lane and had it not been for Taylor's consent he would not have commenced the erection of his mill. The cause came on for hearing by consent on the pleadings, whereupon by decree dated November 30th, 1875, it was decreed that the restraining order be continued until such time as Addy should assure Taylor, by appropriate conveyance, a better and more convenient way from Water street to Taylor's house than the way mentioned in the bill of complaint and that upon such conveyance being made, the bill be dismissed. The decree reserved to the parties the right to apply for direction as to whether the new way and the title proposed to be made were sufficient, but the case shows no record of such application and no conveyance of a new right of way was made. *Page 160 
The bill in the chancery suit set out Taylor's claim to the right of way from his property to Ryle avenue, as based on grant under Addy's deed to him and Addy's answer was an admission of Taylor's claim. Such admission is competent evidence against the defendants, who derive their title through Addy. Mason v.Ross, 75 N.J. Eq. 136; reversed on other grounds, 77 N.J. Eq. 527; Tomlin v. Cox, 19 N.J. Law 76: Horner v. Stillwell,35 N.J. Law 307; Miller v. Feenane, 50 N.J. Law 32. Not only does the decree establish that the right of way existed but by adjudging Taylor's right to its continued use, the decree was a judicial interpretation of the meaning and scope of Addy's deed to him and a judgment that such right of way was founded on grant contained in a recorded deed and was appurtenant to Taylor's land. The decree, of course, bound Addy and it is also binding on the defendants because they stand in privity with him. Paterson
v. Baker, 51 N.J. Eq. 49; Manning v. Port Reading Railroad,54 N.J. Eq. 46; In re Walsh, 80 N.J. Eq. 565; New Jersey Zinc Co.
v. Fancher, 96 N.J. Eq. 65; affirmed, 97 N.J. Eq. 508; W.D.Cashin Co., v. Alamac Hotel Co., 98 N.J. Eq. 432; McMichael
v. Horay, 90 N.J. Law 142; Perth Amboy Dry Dock Co. v.Crawford, 103 N.J. Law 440; White v. Mindes,106 N.J. Law 606. The defendants urge that because a copy of the decree was not recorded in the county clerk's office, they had no notice of it and are not bound by it. There is no statutory requirement that such a decree shall be recorded and the reason for holding the decree binding on the defendants does not rest on notice, but upon the fact that this court has determined an issue properly before it and has by its decree conclusively settled the issue, so that nothing thereafter could be proved by the parties, or their privies, which would overcome the court's judgment.
Thereafter Taylor conveyed to Charles Vermorel by deed dated March 20th, 1886, a tract which adjoined, on the north, the tract Addy had conveyed to Post and which Addy had reacquired and subsequently conveyed to Vermorel as hereinabove stated. The particular description in said deed *Page 161 
(Taylor to Vermorel), runs across the street or lane on which Taylor's land bounded and includes a portion thereof which immediately adjoins the land conveyed by Addy to Vermorel, by deed dated May 1st, 1885, and it also conveys "all rights of way and of access to and from said premises by and over the street leading to the same from Water street or otherwise, as fully as the said Taylor now has by reason of any deed of conveyance to him from George Addy, or under and by virtue of any decree or order heretofore made by the court of chancery relating thereto." Taylor, by will devised all his real property to his wife, Sarah Taylor. She conveyed to Charles Vermorel by deed dated November 1st, 1887, the balance of the property conveyed by Addy to Taylor and by the same description as in that conveyance.
At this point in the chain of complainant's title to the Post and Taylor tracts, the title to both tracts is in Charles Vermorel, including the right of way from the Taylor tract to Ryle avenue. The defendants contend that Vermorel acquired no such right of way from the Post tract, for the reason that when the land with the right of way appurtenant, granted by Addy to Post over other land of Addy, came again into Addy's ownership in 1883, the right of way merged in the fee then acquired by Addy and would not pass by implication in the subsequent conveyance by Addy to Vermorel because that conveyance was of land having a frontage on a public street and did not need a way to Ryle avenue. I agree with defendants' contention. Addy did convey the Post tract to Vermorel by the three deeds above mentioned, none of which spoke of the lane to Ryle avenue and the tract so conveyed had ample frontage on Geering lane and did not require the lane to Ryle avenue as a necessary means of access and egress and it is my opinion that no right to the use of the lane passed to Vermorel under said three deeds. But Vermorel did acquire, in the following manner, the right to use the lane as appurtenant to the Post tract. The street in front of Taylor's land ran to the north line of the Post tract. The right Taylor had in that street was not exclusive, the fee therein having been retained by Addy. Taylor had merely *Page 162 
the right to pass over that street to its intersection with the lane and thence over the lane to Ryle avenue and such right was shared by Post and Addy as owners of abutting land and particularly by Addy as owner of the fee of the street. As I have stated, Addy had conveyed the whole of the Post tract to Vermorel by three deeds and Vermorel's property adjoined the Taylor tract. The last of the three deeds to Vermorel is dated January 30th 1888, and in addition to that deed Addy gave Vermorel his quitclaim deed of the same date, conveying all his (Addy's) right, title and interest in the same premises described in the deed Addy to Taylor of May 1st, 1868, but by a different description which includes, but does not mention, the street in front of what was Taylor's property. Notwithstanding that Addy had conveyed to Taylor twenty years previous land abutting on a street or lane, Addy still had title to the fee of the street, so that by Addy's quitclaim deed to Vermorel, the latter acquired the right Addy had to use that street from the Post tract and to continue therefrom to and over the lane to Ryle avenue.
Through mesne conveyances from Vermorel, title to Post and Taylor tracts was conveyed to complainant, all such conveyances specifically conveying the right of way and access to and from said premises to Ryle avenue.
Title to the balance of the lands conveyed to George Addy in 1866 over which the right of way ran, remained in him until January 1st, 1898, when he conveyed to his son, Joseph, and his daughter, Sarah A. Venable, no direct mention being made therein that the conveyance was subject to the right of way, but the description of the thirteenth and fourteenth tracts conveyed, includes the whole of the tract conveyed by Addy to Taylor May 1st, 1868, and then excepts therefrom the lands conveyed by Addy to Taylor by the identical description contained in that deed which, as has been stated, speaks of a street or lane and conveys land on both sides thereof. Ultimately title passed from Addy's son and daughter to defendants through other grantees and in none of those deeds was the street or lane mentioned.
Although the deed, Addy to Taylor, was not in the chain *Page 163 
of title through which defendants hold and a purchaser of other land from a common grantor is not charged with notice of an easement granted by an earlier deed not in his chain of title (Glorieux v. Lighthipe, 88 N.J. Law 199), the defendants had sufficient notice of the existence of the lane to put them on inquiry and inquiry would have led them to examine the deed, Addy to Taylor, or to other information which would have acquainted them with the right claimed by complainant to an easement over their property. The notice to which I refer is found in the mention in the description of the thirteenth and fourteenth tracts contained in the deed, George Addy to Joseph Addy et al., of a street or lane which had been conveyed out of those tracts and to the fact that inspection of the land defendants were purchasing would disclose immediately that there was a lane marked with evidence of travel thereover, actually extending through their land from Ryle avenue to complainant's land and in almost daily use by complainant.
I believe the foregoing recital of complainant's muniments of title establish complainant's right by grant to an easement over the lane in question but if that were not so, the right to the easement is fixed by open, continuous and notorious user by complainant and its predecessor in title for much longer than twenty years.
The Post tract, or such part of it as immediately adjoined the Taylor tract, appears to have been vacant until shortly after Vermorel acquired it in 1885. On the Post tract and on so much of the Taylor tract as he purchased about the same time, Vermorel erected a dye house and other buildings which he used in connection with the silk dyeing business. Passage over the lane from the Post tract was not used from necessity because that tract had access to Geering lane. If the use of the way was not founded on grant, then it must have been by permission of the owners of the land over which it passed, or it must have been based on an asserted right, hostile to the servient tenement. Had the defendants claimed that the use of the way from the Post and Taylor tracts commenced and continued by permission of the owners of the *Page 164 
servient tenement, the burden of proof to establish a license would have been on them (Clement v. Bettle, 65 N.J. Law 675), but they offered no proof even tending to show such permission. It seems clear that the use of the way started by claim of right and under color of title and the record in Addy v. Taylor
shows that the way was in actual use from 1868 to 1875. A witness in the present case recalls that the Taylor house was still occupied as a dwelling in or about 1882 and, because Taylor died in or about 1887, it is not improbable that the house was still occupied as a dwelling to the time of his death and that the lane was in use from 1864 to 1887 by the occupants of that dwelling. The testimony of other witnesses whose memory goes back that far, shows continuous use of the lane from 1885, when Vermorel erected his dye house, down to the time the defendants barred such use and that the use was from Ryle avenue to Vermorel's plant. There were dwellings, other than Taylor's on the lane, and mill buildings, other than Vermorel's had access thereto. The occupants of the dwellings as well as Taylor's and the employes of other mills as well as those of Vermorel, used the way. It was used not only for foot passage by hundreds of employes, visitors and others having business with the mill on the Post and Taylor tracts, but vehicles used it for carting dye stuffs, merchandise, coal and machinery to those tracts from Ryle avenue; it showed wagon tracks and ruts and horses' hoof prints; it was kept in repair by complainant's predecessor in title, as well as by complainant, by filling in the ruts and spreading over it a hard coal cinder or ash surface and a predecessor of complainant laid a sewer therein running (and still maintained) from the dominant tenement to a connection in Ryle avenue. The evidence satisfies me that the way has been in use by complainant and its predecessors in title more than forty years prior to the time defendants barred it and that open, continuous and hostile user for that period ripened into a permanent easement with which defendants could not interfere. Lehigh Valley Railroad Co. v.McFarlan, 30 N.J. Eq. 180, reversed on other grounds, 31 N.J. Eq. 706; Supplee v. Cohen, 81 N.J. Eq. 500; Clement v.Bettle, supra. *Page 165 
The defendants urge that jurisdiction over controverted titles is at law and when doubt as to title arises, this court may not decide the question. But the facts here are not in dispute, especially on the question of complainant's prescriptive title to the easement. The existence and use of the lane are clearly proven; exact location and width may be in dispute and if so, complainant must take that question to a law court unless the parties can settle it by agreement (Imperial Realty Co. v.West Jersey and Seashore Railroad Co., 79 N.J. Eq. 168), but pending such settlement, this court has jurisdiction to restrain defendants from interfering with complainant's use of a lane of sufficient width to enable it to reach its property for the purpose for which the easement was granted, or acquired by prescription. Shivers v. Shivers, 32 N.J. Eq. 578; affirmed,35 N.J. Eq. 562; Riehle v. Heulings, 38 N.J. Eq. 20; affirmed,38 N.J. Eq. 652; White v. Tidewater Oil Co., 50 N.J. Eq. 1;Man v. Vockroth, 94 N.J. Eq. 511; Borough of West Long Branch
v. Hoch, 99 N.J. Eq. 356; Scott v. Scott, 112 N.J. Eq. 195;Lidgerwood Estates, Inc., v. Public Service Electric and GasCo., 113 N.J. Eq. 403.
I have gone to some length to show complainant's right to an easement in the lane. Perhaps it would have been wiser to assume at the outset the existence of the easement and proceed at once to determine the serious objection raised by defendants that complainant's right to the easement can apply only to the lands to which it is appurtenant and cannot extend or attach to adjoining land acquired by complainant.
Complainant's easement, whether by way of grant or prescription, is not an exclusive right to the use of the lane for all purposes. It is merely a right of passage thereover to and from the Post and Taylor tracts, in common with defendants and others who have rights in the lane. The fact that in the inception of the easement the Post tract may have been vacant land and the Taylor tract had but a single dwelling house thereon, would not confine its use to what may have been its original purpose. No limitation was placed on the extent of the use of the lane as appurtenant to the two tracts *Page 166 
and the lane was therefore available as a general way for all purposes to which the dominant tracts might be devoted. Shreve
v. Mathis, 63 N.J. Eq. 170; Jones on Easements § 373; UnitedLand Co. v. Great Eastern Railway Co., L.R. 17 Eq. 158;Siedler v. Waln, 266 Pa. 361; 109 Atl. Rep. 643; Anzalone v.Metropolitan District Com., 257 Mass. 32; 153 N.E. Rep. 325.
Such use may be exercised by complainant, its employes and all persons having occasion to transact business with it. Shreve v.Mathis, supra. But in or about 1919 complainant acquired a large additional tract, known as the "Burying Ground," adjoining the Post and Taylor tracts, with a frontage on Geering lane and Ryle avenue. It razed the buildings on the Taylor tract and in 1921-1922 erected a new mill building which covers the whole of the burying ground tract, the major portion of the Taylor tract and part of the Post tract. Part of the new mill is used for black skein dyeing, part for silk finishing and another part for manufacturing soap and phosphate. Access to and egress from this mill building may be had by means of Geering lane, Ryle avenue and the lane in question, so that deliveries originating at Geering lane and Ryle avenue may go out through the lane in question and vice versa and products finished in that part of the mill building which stands wholly on the burying ground may go out through the lane. It is therefore apparent that the use of the lane by complainant in connection with its new mill, the larger part of which is on a tract to which the lane was never appurtenant, has and will increase the burden on the servient tenement, the fee of which is in the defendants and in the enjoyment of such additional use the complainant is not entitled to the aid of this court. Johnston v. Hyde, 33 N.J. Eq. 632;Diocese of Trenton v. Toman, 74 N.J. Eq. 702; Jarman v.Freeman, 78 N.J. Eq. 464; Jarman v. Freeman, 80 N.J. Eq. 81;Tallon v. Hoboken, 60 N.J. Law 212; United States Pipe LineCo. v. Delaware, Lackawanna and Western Railway Co.,62 N.J. Law 254; McCullough v. Broad Exchange Co. (N.Y.), 101 App. Div. 566; affirmed, 184 N.Y. 592.
I cannot agree with defendants' contention that complainant's excessive use of the easement since 1921-1922 has *Page 167 
worked a forfeiture of the easement. The easement is a property right which cannot be taken from complainant in a summary way and equity abhors forfeiture. The erection of a new structure on the Post and Taylor tracts was within complainant's rights and if the easement in the lane can be limited to that portion of the structure alone, complainant will be entitled to protection in its enjoyment; it continues as a property right in complainant for that purpose. But there is no evidence before me to show that it is possible to so alter complainant's mill building that only such portion as is on the dominant tenement can be serviced by the lane. Complainant has created a situation where enjoyment of the right it has in the easement cannot be separated from the use of the easement by its adjoining property and therefore the relief it seeks must be denied, at least until such time as it is able to show that it has altered its mill building so as to limit the enjoyment of the easement to the dominant tenement alone.