The complainant filed its bill to restrain the construction of a dam which dam is for the purpose of forming a lake and developing the land surrounding the same.
It appears that the defendant in October, 1936, applied to the State Water Policy Commission for a permit to erect a dam in Stony Brook which brook flows into the municipal reservoir of the Town of Boonton. The waters from this reservoir are used by the town for potable purposes. The town filed objections to the application and hearings were had before the said Commission and evidence was offered by both sides. After an investigation the said Commission on December 8th, 1937, granted the applicant a permit subject to certain conditions therein set forth. After the permit was granted the town obtained a writ of certiorari to review the Commission's acts. The Supreme Court of this state on February 4th, 1939, decided the permit was proper and dismissed the writ which dismissal was affirmed by the Court of Errors and Appeals. See Boonton v. State Water Policy Commission and Fay,122 N.J. Law 34; affirmed, 123 N.J. Law 196.
The question which this court is now called upon to determine is whether the complainant has any standing in this court under the bill of complaint filed. The solicitor of the complainant opened his case by making the following points: first, that the construction of the dam will create a source of pollution which will endanger the water supply of the Town of Boonton; second, that the erection of the dam will result in a diminution of the flow of water into the reservoir of the Town of Boonton; third, that the statute under which the Commission acted to grant the permit (chapter 267, P.L. 1929) is unconstitutional; fourth, that the dam will interfere with the alleged prescriptive right of the Town of Boonton *Page 57 
to overflow a portion of the lands now owned by the defendant.
Defendant contends that the claim of pollution and diminution of the flow of water has been determined adversely to the complainant by the above mentioned previous proceedings and is, therefore, res judicata. Defendant denies that the statute is unconstitutional and further says that complainant cannot now raise that issue. Defendant also denies the prescriptive right claimed by the complainant.
An examination of the findings of the State Water Policy Commission discloses that the construction of the dam would not result in "additional pollution endangering the public health." (See State of the Case, Supreme Court, page 25.) The Supreme Court found "there is no likelihood of danger to public health from the exercise of the permit granted, but in fact the public at large will be benefited by the permitted development." The statute gives the Commission jurisdiction over dams and reservoirs for the protection of life and property and "the commission may not issue a permit otherwise within its sphere, if the exercise of the authority thereby conferred will in all human likelihood result in pollution endangering the public health. Potability is not to be of secondary significance." Jersey City
v. State Water Policy Commission (Court of Errors andAppeals), 118 N.J. Law 72.
The statute provides a right to review the action of the Commission by certiorari. Chapter 267, P.L. 1929 (R.S. 58:1-1et seq.). In such proceedings the Supreme Court has the power to determine disputed questions of fact as well as the law. Seesection 11 of the Certiorari Act (R.S. 2:81-8). The Supreme Court found as a fact that there was no danger of pollution. The decision of the Supreme Court, as above stated, was affirmed by the Court of Errors and Appeals. The question is, does that decision constitute res judicata as to the case before me. The test is, did the former determination decide the same questions raised here between the same parties. The question of pollution was raised in the former proceedings and thereby considered and determined. Those proceedings involved the same parties. Therefore, the matter of pollution is res judicata and cannot again be raised here. *Page 58 
The next question raised is whether complainant may proceed on the merits to endeavor to prove a diminution of the flow of water into the municipal reservoir. Defendant says that matter was determined by the Commission and by the proceedings oncertiorari. An examination of the proceedings discloses that neither the Commission nor the Supreme Court passed upon the question although complainant contended that the permit should not be granted for that reason. The permit could not take away the common law rights of the lower owner. The statute does not confer such authority upon the Commission and the permit itself contains a provision that the holder thereof does not acquire a license to invade the property rights of others.
The next question is whether the statute under which the Commission acted is constitutional. Defendant claims that the question of constitutionality of the act cannot now be raised because it was not raised in the previous proceedings. I see no merit in this contention.
The last question is whether this court now has jurisdiction to determine the existence of the prescriptive right claimed by the complainant. Defendant says that this right was passed upon and determined in said previous proceedings. An examination of those proceedings discloses that it was not determined thereby. Therefore, the alleged prescriptive rights of the complainant may properly be raised. It may be necessary, however, to establish such an easement as alleged in a court of law. See West LongBranch v. Hoch (Court of Errors and Appeals), 99 N.J. Eq. 356;
also Colonial Building and Loan Association v. BergenMutual Building and Loan Association (not reported, Docket No. 121/146).
I will advise an order in accordance with these views. *Page 59