## ZABRISKIE *vs.* THE JERSEY CITY AND BERGEN RAILROAD COMPANY.

A court of equity will grant an injunction to restrain a public nuisance at the instance of a party who sustains a special injury.

But a mere diminution of the value of the property of the party complaining by the nuisance, without irreparable mischief, will not furnish any foundation for equitable relief.

The location of a railroad through a public street in a line not warranted by law, will not be enjoined at the instance of the owner of an unimproved building lot suffering no present detriment.

*Weart*, for complainant.

*Zabriskie*, for defendants.

THE CHANCELLOR. The complainant is the owner of four building lots, on the south side of Grand street in Jersey City, lying between Mill creek and Varick street. The defendants are a body politic, incorporated by an act of the legislature of this state, approved on the 15th of March, 1859, with power to construct a railroad from some point on the Kill Van Kull, at or near Bergen Point, to the Newark turnpike, with branches extending to the ferries south of the city of Hoboken.

By an ordinance of the common council of Jersey City, approved on the 20th of December, 1859, the defendants were authorized to lay a single track of iron rails, not exceeding a gauge of 4 feet 10 inches in width, through *the centre* of Grand street, from its junction with Washington street, to the westerly boundary of the city. And by an act of the legislature, approved on the 17th of March, 1860, it is enacted that the Jersey City and Bergen Railroad Company, in laying their rails and constructing their roads in the streets of Jersey City, shall be subject to such conditions as the common council of said city, by the ordinance granting consent to lay such rails and construct such road, shall have imposed or shall impose upon said company.

That part of the defendant's track extending through Grand street from Grove street westerly to Mill creek is constructed upon the road of the Jersey City and Bergen Point Plank Road Company, under an agreement for that purpose between the two companies. The plank road was constructed upon a public highway by authority of an act of the legislature, and with the approbation of the townships of Bergen and Van Vorst, in which at the time the road was located. In the year 1855, that part of Grand street between Grove street and Mill creek was included within the limits of Jersey City, and has since

been filled in, graded, and widened by the city authorities at the expense of the owners of lots upon the street.

The railroad track was laid, and the cars were running upon it, previous to the 13th of July, 1860, when the complainant's bill was filed. The *gravamen* of the complaint is, that the railroad track is not laid in the centre of Grand street, as required by the ordinance, but south of the centre line of the street, and so near to the curbstone as to be a public nuisance and an irreparable injury to the lots of the plaintiff, in front of which it passes. The prayer of the bill is that the defendants may be enjoined from continuing their railroad track as laid down, and from running the cars over the same.

There is no question of the power of the court to grant the injunction prayed for in the complainant's bill. The court will grant an injunction to restrain even a public nuisance at the instance of a party who sustains a special injury from such nuisance. *Crowder* v. *Tinkler*, 19 *Vesey* 617 ; *Corning* v. *Lowerre*, 6 *Johns. Ch. R.* 439.

It is equally clear that the track of the railroad through that part of Grand street in front of the complainant's lots is not located in compliance with the requirements of the city ordinance. It is not in the centre of the street, as the ordinance directs it shall be laid, but south of it, and nearer to the property of the complainant.

Nor is it perceived that the fact, that the railroad track, in that part of the city, is located upon the plank road by virtue of an agreement with the plank road company can excuse or justify a violation of the city ordinance. The plank road was laid by legislative sanction upon a public highway. That public highway has since been included within the city limits, and as graded and widened, constitutes one of the city streets. It must be subject, as other streets are, to be regulated and controlled by the city authorities, saving to the plank road company their corporate rights and privileges.

I am nevertheless of opinion that this injunction must

be denied because the nature and extent of the injury complained of is not such as to warrant the interference of the court.

The injury, as stated in the complainant's bill, is that, by reason of the construction of the railroad south of the centre line of the street, and near to the line of the curb, the complainant will have no means of depositing building materials on the street; that the running of the cars will prevent ready access to the complainant's lots with horses and carriages, and that horses, carriages, and carts will not be permitted to stand in the street in front of the complainant's lots for the purpose of receiving and discharging passengers, goods, and merchandise, and carrying on the ordinary business of life, by means whereof the complainant's property is greatly depreciated in value, and the complainant deprived of the ordinary use of the same.

At the time the bill was filed the complainant's lots lay west of the improved part of Jersey City. They were located in a salt marsh. There was not a building or other improvement upon either of them. There is no improvement upon them now, so far as appears by the evidence in the cause, except a frame slaughter house upon one of them. There is no present necessity for discharging passengers, goods, or merchandise there in such numbers or quantity that its interruption will prove a serious detriment to the complainant's rights. The complainant alleges, indeed, that the city is extending in that direction; that buildings are erected within one or two blocks of it, and that the complainant contemplates building at no remote period. It is obvious, from the evidence, that it is not the location of the railroad track that produces the injury complained of, but it is the running of the cars. The rails will not interfere with the deposit of building materials nor with the lading or unlading of merchandise. It is the running of the cars and the necessity of keeping the track clear for their frequent pas-

2 D*

sage that creates the difficulty. And why should the cars be stopped running to-day, a line of public travel be interrupted, and the public convenience be prejudiced because next month or next year it may occasion inconvenience or loss to the complainant? This aspect of the case is presented very clearly in the complainant's own evidence. Mr. Manners, whose opinion as an intelligent witness is entitled to great respect, on being asked whether the railroad, as located, is an irreparable injury to the complainant's property, answers—" I consider it an injury, and a very great injury, whenever the property is built upon and occupied for business." An ingenious effort was made to avoid this difficulty by attempting to prove that the present market value of the lots was seriously depreciated by the location of the track. The attempt was not successful, and if it had been it would not have overcome the difficulty. A mere diminution of the value of property by the nuisance, without irreparable mischief, will not furnish any foundation for equitable relief. *Attorney General* v. *Nichol*, 16 *Vesey* 342 ; 2 *Story's Eq.* § 925. It is too obvious to admit of dispute that there is no present injury to the plaintiff's property, occasioned by the location of the road or the running of the cars, which warrants the interference of this court.

There is a further reason why this injunction should be denied. The location of this railroad not in accordance with the city ordinance, is charged in the complainant's bill to be a public nuisance. If it operates as prejudicially to the rights of property owners on the street as the bill alleges it is a public nuisance, and indictable as such ; and yet although the track had been laid for months, and the road in active operation, it does not appear that it has ever been complained of, much less convicted as a public nuisance. It is a settled rule of the court in cases of public nuisance to interfere on the complaint of an individual only in very clear cases of serious and special injury to the complainant. It ought not to interfere when

the object can be as well attained in the ordinary tribunals. *Attorney General* v. *New Jersey Railroad and Transportation Company*, 2 *Green's Ch.* 136; *Angel on Watercourses*, § 566.

This whole subject, moreover, is entirely under the control of the city council. They may at any time require the road to be constructed in compliance with the ordinance. The presumption is that they will do so whenever its present location works a great public or private wrong. In the mean time, there can be no necessity for the interference of this court.

The injunction must be denied and the complainant's bill dismissed with costs.