Van Wagenen *v.* Cooney.

JACOB VAN WAGENEN, executor of Christiana Van Wagenen, deceased,

*v.*

DENNIS C. COONEY.

In case of a public nuisance equity will interfere, at the instance of a private individual, only when the complainant suffers some private, direct and material damage, beyond that which is suffered by the public at large, and which, without such interference, will be an irreparable injury to him.

On bill for injunction and demurrer thereto.

The complainant is mortgagee in possession of three lots of land situate upon one side of a *cul-de-sac* at the end of Montrose avenue, in Jersey City. Upon the opposite side of this *cul-de-sac* the land is owned by the demurrant. The *cul-de-sac* is a public highway, duly dedicated to the public use and accepted by the proper authorities of Jersey City. The bill represents that the demurrant has extended his fence line so as to include within it about four feet of this public highway, and has also erected a stable which projects about five feet into it. And, further, that he is in the habit of using the *cul-de-sac*, in front of the complainant's lots, for the storage of carts and wagons when they are not in use, and that he has so filled in the highway with earth and ashes as to cause mud and water to settle and remain on the street in front of the complainant's lots, and hinder the ingress to the lots and the egress from them. The bill prays for an injunction to abate and restrain these nuisances. It does not appear that the complainant makes any present use of the lots in question, or that the *cul-de-sac* is the only way by which he can reach those lots. The defendant demurs to the bill for want of equity.

*Mr. John Garrick,* for the demurrant.

*Mr. Gilbert Collins, contra.*

THE CHANCELLOR.

This is a private bill brought to restrain a public nuisance. It is well settled that the remedy by indictment is so efficacious that in cases of public nuisances courts of equity will interfere, at the instance of a private individual, only when his private rights are so violated by such a nuisance that he is subjected to substantial, serious and irreparable damage.        He must suffer some private, direct and material damage, beyond that which is suffered by the public at large, and which, but for the interference of equity, will be an irreparable injury to him.    *Allen* v. *Freeholders of Monmouth, 2 Beas. 68; Hinchman* v. *Paterson Horse R. R. Co., 2 C. E. Gr. 75; Morris & Essex R. R. Co.* v. *Prudden, 4 C. E. Gr. 386; S. C., 5 C. E. Gr. 530; Attorney-General* v. *Brown, 9 C. E. Gr. 89 ; McDonald* v. *Newark, 15 Stew. Eq. 136; Wood Nuis. 938, 939.*

Mere diminution of the value of his property, without irreparable mischief, will not furnish a foundation for equitable relief.    *Morris & Essex R. R. Co.* v. *Prudden, 5 C. E. Gr. 530 ; Zabriskie* v. *Jersey City & Bergen R. R. Co., 2 Beas. 314.*

In *Hart* v. *Leonard, 15 Stew. Eq. 416,* Justice Dixon classifies the instances in which courts of equity may protect and enforce legal rights in real estate.    Under the sixth class mentioned by him, he instances "Cases where the object of the bill is to prevent an injury which will be destructive of the inheritance, or which equity deems irreparable, *i. e.,* one for which the damages that may be recovered according to legal rules do not afford adequate compensation."

It does not appear that the complainant, in the case before me, suffers serious, special damage by the nuisance complained of. His lots do not appear to be improved, and it is not stated that he may not have access to them by some other way than through the *cul-de-sac.*    Indeed it does not appear that there is any present necessity for reaching the lots, either by way of the *cul-de-sac* or otherwise.    The absence of pressing need for present relief is, moreover, manifested in the fact that a preliminary injunction is not asked for, and the complainant is content to wait until the final hearing of this cause.

Van Wagenen v. Cooney.

In *Zabriskie* v. *Jersey City & Bergen R. R. Co.*, *2 Beas. 314, 318*, a railroad company laid its tracks upon the southerly side of the street adjoining the complainant's lots, which were vacant, marshy land, and an injunction to restrain the company from laying its tracks was denied by Chancellor Green, because, among other reasons, there was no substantial, special or present injury to the complainant. The chancellor said: "It is too obvious to admit of dispute that there is no present injury to the plaintiff's property occasioned by the location of the road or the running of the cars, which warrants the interference of this court."

In *Woodbridge* v. *Inslee*, *10 Stew. Eq. 397, 401*, clay had been dug from the public highway and piled up upon it for removal. A bill for injunction, which would require the defendant to desist from excavating in or obstructing the highway and to abate the nuisance he had created, was demurred to, and the demurrer was sustained. Chancellor Runyon there said: "There is an adequate remedy in the ordinary tribunals for the obstruction of the piles of clay &c. It may be added that there does not appear to be any necessity for recourse to equity. The excavation made by William Inslee has existed since 1876, five years before the bill was filed, and it would seem that the piles of clay &c. complained of were placed in the road some months before this suit was begun. It is not even averred that there is any need of immediate relief. Notwithstanding the excavation and obstructions, the road has been used by the public, and, so far as the bill shows, with safety. It follows, from what has been said, that the demurrer must be allowed."

I think that the element which is needed to command the action of this court in the case before me is lacking. For all the injury that is complained of in the bill, full and ample redress can be had at law, and consequently this court will not interfere.

In *Attorney-General* v. *New Jersey R. R. & Trans. Co.*, *2 Gr. Ch. 136, 140*, Chancellor Vroom said: "In cases of public nuisance, there is an undisputed jurisdiction in the common law courts by indictment; and a court of equity ought not to interfere in a case of misdemeanor, when the object sought can be as well attained in the ordinary tribunals."

In *Jersey City* v. *Hudson City, 2 Beas. 420, 426,* Chancellor Green said: "Though the jurisdiction of courts of equity to re-dress public nuisances by injunction is of ancient date, and seems clearly established, yet, as a general rule, equity will not interfere where the object sought can be as well attained in the ordinary tribunals." And in *Attorney-General* v. *Heishon, 3 C. E. Gr. 410, 412,* Chancellor Zabriskie said: "And where the nuisance is erected and complete, this court should not interfere without a trial at law, except, perhaps, in cases of irreparable mischief from its continuance, especially when there is a full and com-plete remedy at law."

It will not be productive of benefit to the complainant to hold the bill until the final hearing is had in this case. The proofs cannot be broader than the allegations of the bill. To establish the facts as they are now pleaded would simply be to prove that which is here taken as admitted. Those facts, as we have seen, do not establish a case of which equity will take cognizance. The disposition of the case at this stage will save expense to both parties to it.

The demurrer will be allowed.