MARY BELL PAGE, PLAINTIFF, PLAINTIFF IN ERROR, v. LOUISE GASKILL AND JOHN GASKILL, DEFENDANTS, DEFENDANTS IN ERROR.

Submitted March 24, 1913—Decided June 18, 1913.

1. Where a husband, with his wife, occupies lands held by her by license from the owner, the permissive occupation ends with her death and the husband can then be ousted; continued occupation by him thereafter becomes adverse if such occupancy be accompanied by the *indicia* of adverse possession.
2. Whether the occupation of lands is permissive or adverse is a question of fact, and is for the jury.

On error to the Supreme Court.

For the plaintiff, plaintiff in error, *Theodore W. Schimpf.*

For the defendants, defendants in error, *Charles S. Moore.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was an action of ejectment for a tract of land in the city of Absecon, in this state. The plaintiff avers that her right to possession accrued on February 20th, 1906, by virtue of a deed to her, bearing that date, from John Showell, her father, who was admitted to have been in actual physical possession of the premises involved prior to its occupation by either of the defendants or their predecessors in title. The defendants pleaded the usual plea of not guilty, and defended under a claim of title by adverse possession.

The defendant Louise Gaskill was shown to have lived upon the property continuously since 1859. She was the second wife of George Gaskill, whose first wife, Mary Ann Gaskill, died in 1857. George Gaskill's first wife was a sister of John Showell, the plaintiff's grantor, and had from him, in 1856 or thereabouts, the privilege to build on the land in question; or a gift of the land to build upon, it does not clearly appear which. When Mary Ann Gaskill, John Showell's sister, died in 1857, her surviving husband, George Gaskill, remained on the premises, and in 1859 married the defendant Louise Gaskill.

The possession of the Gaskills was not disturbed and they paid no rent. They built a fence enclosing two sides of the premises and planted a tree, some bushes and flowers thereon; built an arbor and planted grape vines. In 1880 they added a new story and a new roof, opened more windows and repaired the weather boarding. John Showell, owner of the paper title, was a close neighbor all the while and did nothing to interrupt this possession. The issue was submitted to the jury and they found a verdict for the defendant.

The plaintiff assigns error that the trial court denied the

plaintiff's motion for direction of a verdict at the close of the case; also that there was error in allowing the husband of an aged witness to act as interpreter for her, as she spoke the English language; that there was error in the charge of the court, and in the court's refusal to charge as requested, in certain particulars. The objection that the aged witness was allowed to testify through an interpreter was not argued, and must therefore be considered to have been abandoned.

The case turns upon the question whether or not there was evidence of adverse possession, and, if there were, then that evidence was properly submitted to the jury, as the question of possession, *permissive* or *adverse,* was the gravamen of the case and was a jury question.

The plaintiff claims that the occupation of the defendants has been permissive and originated in the privilege to occupy or gift of the lands from John Showell. Such privilege or gift was from John Showell to his sister Mary, the first wife of George Gaskill, who died leaving her husband, George, in possession after her as he had been along with her.

It is unnecessary to decide whether the possession of Mrs. Gaskill and her husband was or was not adverse, for certainly, upon her death, the husband's possession immediately commenced to be adverse to the title and right of possession of the owner, John Showell. *Doe dem. Parker* v. *Gregory, 2 Ad. & E.* 14, is in point. In that case a widow, tenant for life of lands under a will, married. She died and her husband held for more than twenty years after her death, when the heir-at-law of the devisor brought ejectment against him, and the court held that the defendant's possession was wrongful from the very hour when his interest expired by his wife's death; that it was clear that he might have been immediately turned out by ejectment, and, therefore, that his continuing the same possession for twenty years entitled him to the protection of the statute of limitations, and that the action against him had been brought too late.

A mere permission to occupy land is a license and the death of either party will terminate it. *East Jersey Iron Co.* v. *Wright,* 5 *Stew. Eq.* 248, 253; *Eckert* v. *Peters,* 10 *Dick. Ch.*

*Rep.* 379, 387. Therefore, when Mary Ann Showell Gaskill, the first wife of George Gaskill, died, the license to occupy the premises expired, the gift of the same to her, if made, having been void *ab initio* as a conveyance because it rested in parole. The possession of her surviving husband, therefore, from the time of her death became a holding adverse to the lawful owner, provided, of course, that such holding was adverse within the legal definition.

In *Foulke* v. *Bond*, 12 *Vroom* 527, it was held that:

"If the parties are strangers in title, possession and the exercise of acts of ownership are in themselves, in the absence of explanatory evidence, proof of an ouster of the true owner."

And Mr. Justice Depue, speaking for this court (at *p.* 545), observed:

"The principles on which the doctrine of title by adverse possession rests are well settled. The possession must be actual and exclusive, adverse and hostile, visible or notorious, continued and uninterrupted. Notoriety of the adverse claim under which possession is held, is a necessary constituent of title by adverse possession, and therefore the occupation or possession must be of that nature that the real owner is presumed to have known that there was a possession adverse to his title, under which it was intended to make title against him. *Cornelius* v. *Giberson*, 1 *Dutcher* 1; *Cobb* v. *Davenport*, 3 *Vroom* 369, 386; *Proprietors* v. *Springer*, 4 *Mass.* 416. A party relying on title derived from such a source must prove possession in himself or in those under whom he claims of such a character as is calculated to inform the true owner of the nature and purpose of the possession to which the lands are subjected. The question whether possession has been held adversely continuously for the period of twenty years, with the requisite notoriety, is one of fact for the jury."

The learned judge in the court below charged the law as to adverse possession in the identical language of the rule enunciated in *Foulke* v. *Bond*, and the jury found for the defendant, and properly so, as there was testimony before them bringing the case squarely within the rule.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ.   15.

*For reversal*—None.