VINCENZO DELUCA, complainant-appellant,

*v.*

BERGER MELIN, defendant-respondent.

[Submitted March 27th, 1925. Decided May 18th, 1925.]

Primary jurisdiction over controverted legal titles is at law, and when doubt as to title arises on the face of a bill or at final hearing, equity does not adjudicate it.

On appeal from a decree in chancery dismissing a bill of complaint.

*Mr. Isidor Kalisch,* for the appellant.

*Mr. Charles Jones,* for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.

This is an appeal from a final decree dismissing a bill of complaint praying injunctive relief against respondent, enjoining him from entering upon or in anywise interfering with appellant's peaceable use and possession of a roadway.

On May 5th, 1902, the appellant became the owner of certain lands in Montclair, containing a dwelling and other buildings, through purchase and deed from Josephine L. Hanna, who purchased the tract in October, 1894, from Christopher A. Hinck. At the time of the purchase from Hinck there were no buildings on the land, they having been subsequently erected by Mrs. Hanna. Hinck at the time of sale to Mrs. Hanna was the owner of a large tract of land, including land to the south and fronting on Grove street, a public highway. Hinck is now deceased, and his estate has conveyed to respondent all other property owned by him at

the time of his death, fronting on Grove street and extending southerly from the southerly line of property purchased by Mrs. Hanna.

The bill of complaint alleges that at the time Hinck conveyed to Mrs. Hanna he constructed a road on his property "beginning at Grove street * * * to the south of and adjoining" the property of Mrs. Hanna (now appellant's), "running east about two hundred feet, and having an average width of about sixty feet and running the entire depth of the property.".

That such road was constructed pursuant to an express agreement between Hinck and Mrs. Hanna, so that the house which she was to erect should be upon a corner property, and that the purchase price paid by Mrs. Hanna was fixed upon that basis. That it was further agreed that said road should remain open forever, and that Mrs. Hanna, relying thereon, erected an expensive home upon her lands. That said road connected with a driveway on the Hanna property encircling the dwelling-house and re-entering Grove street.

That, after opening the road, Hinck caused a map to be filed showing the road and other lands owned by him.

The town of Montclair, before the filing of the bill of complaint, formally relinquished all right it had in such roadway.

The bill of complaint charges that the respondent has filled in a part of such roadway and is about to erect a building or buildings thereon.

The learned vice-chancellor, on final hearing, dismissed the bill of complaint upon the ground that there was nothing shown in the nature of an equitable estoppel, and that the complainant could not enlarge his title by parole evidence.

We are not concerned with either of these grounds, because there is a fundamental and basic principle demanding a dismissal of the bill of complaint.

That principle, as restated and reiterated by this court in *Coombs* v. *Atlantic City Railroad Co.*, *96 N. J. Eq. 709*, is: "Primary jurisdiction over controverted legal titles is at law, and when doubt as to title arises on the face of a bill or at final hearing equity does not adjudicate it."

For that reason the decree dismissing the bill of complaint is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 15.

*For reversal*—None.