VINCENZO DeLUCA, RESPONDENT, v. BERGER MELIN, APPELLANT.

Submitted May 28, 1926—Decided October 18, 1926.

1. To sustain a title by adverse possession the party relying thereon must establish a continued, open, visible and exclusive possession and one that is hostile, that is, with the intention to claim title against the true owner, and, obviously, it must appear that the possession, or use, which is claimed to be adverse, was such that the owner knew, or should have known, that the disseizor intended to make title under it.
2. Where the use of a way, at its inception, was permissive, the mere continuance of such use, for the statutory period, will not ripen into a hostile right.

3. One cannot successfully contend for title by adverse possession where that possession is as a member of the public, in common with all others exercising and enjoying the privilege of use and occupancy, for the reason that such possession and use are lacking the necessary element of exclusiveness.

On appeal from the Essex County Circuit Court.

For the appellant, *Charles Jones.*

For the respondent, *Kalisch & Kalisch.*

The opinion of the court was delivered by

CAMPBELL, J. This is an appeal from a judgment of the Essex County Circuit Court, upon a finding of law and facts by the trial judge, who, by consent of the parties, heard the cause without a jury. The action is in trespass and the complaint is in two counts.

The first count alleges an easement of right of way in respondent over certain lands of the appellant and the obstruction by appellant of the use and benefit thereof by the respondent.

The second count alleges a dedication and donation of the same strip or parcel of land by appellant to public use and the obstruction thereof by appellant thereby depriving respondent of the use and enjoyment thereof. To these appellant answered denying the existence of an easement of right of way for the use and benefit of respondent and also the dedication to public uses of the lands in question and denying the obstruction thereof, but asserting the legal right in himself to do so.

For separate defenses, appellant pleaded: that if there was a dedication to public uses the rights of the municipality, and the public in general, were relinquished by proper municipal action before the commencement of the action; that an easement of right of way in said lands by respondent, if existing, was created by parol which is repugnant to the provisions of the statute of frauds; that any user of such alleged right of way was with the consent and sanction of appellant's

predecessors in title and was permissive and not adverse and that respondent's use of said land amounted to a mere license and was revocable at any time by appellant and his predecessors in title.

Respondent purchased certain lands, with a dwelling and other buildings thereon, fronting on Grove street, in Montclair, from Josephine L. Hanna, May 3d, 1902. Mrs. Hanna had purchased this tract from Christopher A. Hinck in October, 1894, and thereafter erected the dwelling and other buildings thereon. At the time of this sale to Mrs. Hanna, Hinck was the owner of other lands, adjoining to the south, that which he conveyed to Mrs. Hanna. Hinck is now deceased and his remaining lands, adjoining the Hanna (now DeLuca) tract, have been conveyed to the appellant, Melin.

This matter has been previously before this court upon an appeal from a decree of the Court of Chancery dismissing a bill of complaint. Such decree was affirmed by us (*DeLuca* v. *Melin,* 98 *N. J. Eq.* 367, upon the ground that primarily jurisdiction over controverted legal titles is at law, and when doubt as to title arises on the face of a bill or at final hearing, equity does not adjudicate it.

Thereafter the action in question was instituted and, at the trial no witnesses were called and examined, but by consent, the testimony taken in the Chancery action, before referred to, was offered and read.

The trial court found that respondent could not prevail under the first count of his complaint which declared upon an alleged violation of a private right of way. This finding is not attacked by the appeal before us.

The further findings were that it was an established fact that it was the intention that there should be a street in the location of the lands described in the complaint; that whether or not there was a dedication to public use which was accepted by the municipality is not clear, although the evidence in the case is quite persuasive that Hinck intended that it should be a public street; that the town of Montclair has attempted to, and apparently has, so far as the public rights in the street are concerned, vacated it; that the con-

veyance of respondent's plot was made to his grantor, Mrs. Hanna, October 1st, 1894, almost thirty years before the commencement of the present suit; that the street was put in before the house upon the tract was completed which was in 1895; that at the time of the commencement of the present action, and for a period of nearly thirty years prior thereto, the right of way or street had been used in such a way as to indicate that its use possessed all the elements of adverse use entitling respondent to recover and that respondent was entitled to recover against the appellant and his damages were assessed at six cents. Upon such findings of fact and law the judgment under review was entered.

There are nine grounds of appeal. Of these, numbers 3, 4, 5 and 6 may be disposed of as being ineffective because they do not specify and particularize the testimony, to which the ruling of the trial court complained of, apply.

The remaining grounds are—

1. Refusal to grant a motion for nonsuit. 'This is not urged and argued by appellant and therefore is considered to be abandoned.

2. Refusal to direct a verdict in favor of defendant-appellant.

7. Because the judgment is based on the second count of the complaint—the interference by appellant with a public right of way; and respondent, as a private individual, has no standing to bring such suit.

8. Because the trial court found that this street was opened as a public street and an individual cannot recover damages by reason of the closing of a public street, in the absence of special legislative provision therefor.

9. Because the proofs show that the original user of the alleged right of way was permissive and this can never ripen into an easement.

These grounds may be conveniently considered together.

We have no difficulty in reaching the conclusion that there was evidence before the trial court warranting the finding that it was the clear intention that there should be a street in the location and over the lands described in the complaint

and a clear intent on the part of Hinck to donate the land to such public use, nor are we in disagreement with the trial court upon the proposition that the proofs leave uncertain the question of the dedication having become complete by acceptance by the municipality.

In the face of evidence supporting these findings we are unable, however, to find proofs supporting an easement in the lands in question acquired by respondent by adverse user.

To sustain a title by adverse possession the party relying thereon must establish a continued, open, visible and exclusive possession and one that is hostile, that is, with the intention to claim title against the true owner, and, obviously, it must appear that the possession, or use, which is claimed to be adverse was such that the owner knew, or should have known, that the disseizor intended to make title under it. *Cornelius and Empson* v. *Giberson*, 25 *N. J. L.* 1 (at *p.* 31) ; *Cobb* v. *Davenport*, 32 *Id.* 369 ; *Myers* v. *Folkman*, 89 *Id.* 390.

And where the use of a way, at its inception, was permissive, the mere continuance of such use, for the statutory period, will not ripen into a hostile right. *Pennsylvania Railroad Co.*, v. *Hulse*, 59 *N. J. L.* 54.

It must likewise be apparent that one cannot successfully contend for title by adverse possession where that possession is as a member of the public, in common with all others exercising and enjoying the privilege of use and occupancy, for the reason that such possession and use is lacking the necessary element of exclusiveness. *Cobb* v. *Davenport, supra;* 19 *Corp. Jur.* 898, § 76*d.*

The proofs failing to support title or right in the respondent, in the *locus in quo,* by adverse user, the judgment below cannot be sustained upon that ground. Nor can the judgment below be sustained either in law or upon the facts, upon the ground of obstructing respondent in the use of a public street. *H. B. Anthony Shoe Co.* v. *West Jersey Railroad Co., 57 N. J. Eq.* 607; *Young* v. *Pennsylvania Railroad Co., 72 N. J. L.* 94.

It was error, therefore, to refuse to direct a verdict in favor of appellant, and the judgment below is reversed.

*For affirmance*—PARKER, MINTURN, KALISCH, BLACK, JJ. 4.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 10.