The complainant is the owner of a parcel of real estate at Atlantic Highlands, where the defendant has recently taken *Page 105 
title to another piece of land upon which it has secured permission from the governing body of the borough to erect large tanks in which to store gasoline. The bill recites:
* * * "the keeping and handling of said products [petroleum products] will constitute not only a nuisance, but a continuing menace and danger in and about the neighborhood and locality thereof, in the Borough of Atlantic Highlands aforesaid, and there will be ever present the risk and danger of pollution of the shores and waters of Raritan bay, or Sandy Hook bay, and the Shrewsbury river, with great loss consequent thereon * * * and likewise to property values in and about the neighborhood, and particularly the complainant's said property, * * * and in like manner will be ever present the menace and danger of fires and explosions in and about the said storage plant, and from odors and gases escaping therefrom and spreading over, in and about the neighborhood," c.
It is also alleged that the large motor vehicles which will be used to distribute the gasoline will disturb the people of the community, and that those using the public thoroughfares will live in danger of injury or death from the large collection of gasoline and the operation of the defendant's trucks.
A further allegation is, that the gasoline will exude odors and vapors which are "almost uncontrollable." Likewise, that these emanations will be detrimental to the health of the adjoining neighbors.
Counsel for complainant relies largely upon the opinion of Vice-Chancellor Garrison in O'Hara v. Nelson, 71 N.J. Eq. 161.
It is impossible, however, to intelligently apply excerpts from that elaborate opinion without bearing in mind the facts with which the court was dealing, as, of course, is always the case. It was dealing with a matter, as the headnote shows, where it was intended to store large quantities of gasoline "in a frame building" situated in a thickly builtup portion of a large city. Since the date of that opinion (February, 1906) the use of gasoline as a fuel for internal combustion motors has increased beyond anything that man had then conceived. This product of petroleum is now stored in quantities sufficient to do incalculable harm and damage, if exploded, in every community, large and small, from one *Page 106 
end of the country to the other. But, of course, intelligent regulations, worked out by the police authorities and the manufacturers, such as the defendant, have resulted in safeguarding life and property so that injury from this source is a most unusual thing. If it were intended to accumulate great stores of gasoline in a populous neighborhood and within a wooden building, the vice-chancellor's alarms might be as well-founded to-day as they were nearly a quarter of a century ago, before the methods of storing and handling this commodity had been so greatly improved as they are now.
The storing of gasoline, even in large quantities, cannot be said to constitute a nuisance, per se. 46 C.J. 709. I agree with counsel for the defendant that it may become so only if the plant is negligently constructed or operated. The affidavit of the defendant's engineer, Black, shows, however, that the most meticulous pains will be taken to prevent danger to the persons in the neighborhood and their property. It is true that a number of affidavits presented by the complainant indicate a fear that danger will exist and damage ensue to persons, property and property rights. But the only affiants whose affidavits are of any value are Lockwood, a tool and die maker, and Buckley, who says he is superintendent of the structural steel business "for a large New York concern." They both express a fear that no valve can be manufactured which will not become leaky after being in use "for a time" although they both agree that valves can be manufactured that will be tight at first. Each of them seems to have overlooked the simplicity with which a valve may either be reconditioned or replaced by a new one. It would be difficult for me to believe that an organization such as the defendant would carelessly imperil its own large investment, to say nothing of its duty to the public and the enormous litigation, and probably indictment, which it would face as the result of any such catastrophe as the complainant fears. The above quotation from the bill shows that the complainant is alarmed by inferences and conclusions she draws, while Black deals with facts from which I may arrive at my own opinion. In short, I think her fears entirely unfounded. *Page 107 
The complainant could not obtain the relief she now seeks even if her fears seemed to be well founded. In the first place, the facts set out in her bill show no danger of direct or special injury to the complainant even if, for the moment, they be taken at their face value. It has been the invariable rule in this state that a bill such as this "can be maintained by a private person only upon the ground of apprehended, special (and peculiar) injury to him distinct from that done to the public at large." Allen v. Freeholders, 13 N.J. Eq. 68. A bill by an individual will not lie to enjoin a public nuisance. Only the state may secure such relief through the attorney-general.Hinchman v. Paterson, c., Co., 17 N.J. Eq. 75; Higbee Riggs v. Camden and Amboy Railroad Co., 19 N.J. Eq. 276; Morrisand Essex Railroad Co. v. Prudden, 20 N.J. Eq. 530; VanWagenen v. Cooney, 45 N.J. Eq. 24; Anthony Shoe Co. v. WestJersey Railroad Co., 57 N.J. Eq. 607; Humphreys v. Eastlack,63 N.J. Eq. 136; Bouquet v. Hackensack Water Co.,90 N.J. Law 203.
There is not a word in the bill to indicate that the complainant is threatened with any injury of any of her rights except, as she thinks, as every other member of the public would be affected if the defendant is not put under injunction.
There is an allegation in the bill to the effect that the completion of the defendant's plan will diminish the value of her property. That is no ground for an injunction. Zabriskie v.Jersey City and Bergen Railroad Co., 13 N.J. Eq. 314; Morris andEssex Railroad Co. v. Prudden, supra; Halsey v. Rapid TransitStreet Railway Co., 47 N.J. Eq. 380; Northfield v. AtlanticCounty, 85 N.J. Eq. 47.
Finally, no relief should be given at this time, no matter what might be shown upon final hearing, because the proofs on behalf of the defendant completely meet and controvert those filed by the complainant. Citizens Coach Co. v. Camden Horse RailroadCo., 29 N.J. Eq. 299. That case has been followed without exception by the court of errors and appeals until at least as recently as Feld v. Kantrowitz, 99 N.J. Eq. 847.
For each and all of these reasons the order to show cause should be discharged. *Page 108