FRANCES WEBER, MICHAEL WEBER and JOHN P. WEBER, complainants-appellants,

*v.*

L. G. TRUCKING CORPORATION, defendant-respondent.

[Argued February 10th, 1947.  Decided May 15th, 1947.]

*Mr. Paul M. Strack* and *Messrs. Tepper, Tepper & Verney,* for the complainants-appellants.

*Mr. James L. McKenna,* for the defendant-respondent.

The opinion of the court was delivered by

CASE, CHIEF-JUSTICE.

This is an appeal by complainants from a decree in Chancery, entered on the advice of Vice-Chancellor Bigelow and reported in *138 N. J. Eq. 544,* dismissing the bill of complaint upon the ground that the complainants had not proved their case.

The bill sought to establish an easement for ingress and egress over the defendant's lands and to restrain the defendant *pendente lite* and perpetually for interfering therewith. A rule to show cause why the *pendente* relief should not be given, carrying *ad interim* restraint, was allowed *ex parte* but was discharged on the return. Then the court proceeded to take testimony, determine the facts and dispose of the merits of the case upon the theory that although the question of the existence of an easement of way over the land of another is a question which ordinarily should be determined by a court of law nevertheless Chancery has jurisdiction when both parties consent.

It is settled that jurisdiction may not be conferred by consent or assumed by acquiescence. "Counsel cannot, by mere silence or by express consent, confer upon courts of equity the power to determine litigated matters which, under our judicial system, must be settled in a court of law, or, stated in another way, strip the law courts of jurisdiction conferred upon them under the constitution and transfer it to courts of equity." *Moresh* v. *O'Regan, 122 N. J. Eq. 388.* See *Carnegie* v. *Laughlin, 132 N. J. Eq. 443.*

The occasion for the bill was that the defendant was undertaking to erect a structure on its land where the complainant wished to maintain a right of way and the relief sought was an injunctive writ from Chancery to enjoin that or any other interference; but the granting of that relief was fundamentally dependent upon the existence of a right in land which was in substantial dispute and which had to be determined at law; and until that question was settled at law the aid of Chancery could not properly be invoked. *Todd* v. *Staats, 60 N. J. Eq. 507.* Outside of certain well defined

exceptions no one of which arises in the present case there is no jurisdiction in a court of equity over the invasion of mere legal rights in land. The appropriate remedy is by suit at law. *Hart* v. *Leonard, 42 N. J. Eq. 416, 421.* Formerly this would have resulted in a dismissal of the suit in Chancery but now, under *chapter 233, P. L. 1912 (R. S. 2:26–60)* and section 8 of the Chancery Act of 1915 (*R. S. 2:29–9*) the bill may be retained and the issue of fact sent to a law court for trial. In *Hayes* v. *Smith, 104 N. J. Eq. 146,* we found it unnecessary to consider whether the last cited statute could be held to support the determination of the factual dispute by Chancery where the parties waived a jury trial. But the statute may not be so interpreted because that would strip the law courts of their clear jurisdiction. As lately as 1925 the exclusive constitutional jurisdiction of the law courts over disputes relating to easements was restated by this court in *Long Branch* v. *Hoch, 99 N. J. Eq. 356* (opinion by Chief-Justice Gummere) :

"It is entirely settled by our decisions that where the fundamental right under which the complainant prays equitable relief is based upon the alleged existence of an easement in lands of another, and the existence thereof is in substantial dispute between the parties, the complainant must first establish by a suit at law the validity of his claim in order to justify the interference of a court of equity. *Imperial Realty Co.* v. *West Jersey and Seashore Railroad Co., 79 N. J. Eq. 168,* and cases there cited; *Ostrander* v. *United New Jersey Railroad and Canal Co., 83 N. J. Eq. 645.* The reason for this rule is that the question as to whether or not such an easement of way exists is a purely legal one, which must be settled in a court of law by the verdict of a jury, and is not determinable by a court of equity. It is argued that in the present case the rule just adverted to should not be applied, for the reason that the jurisdiction of the Court of Chancery was not challenged, and that counsel for the defendants consented that the issue of fact should be determined by the Vice-Chancellor before whom the hearing was had. It is enough to say in disposing of this contention that counsel cannot, by mere silence or by express consent, confer upon

courts of equity the power to determine litigated matters which, under our judicial system, must be settled in a court of law; or, stated in another way, strip the law courts of jurisdiction conferred upon them under the constitution and transfer it to courts of equity."

The decisions were learnedly reviewed by Vice-Chancellor Woodruff in *Richman* v. *Schwartz, 130 N. J. Eq. 495.*

The decree below will be reversed and the record remanded to Chancery to the end that the bill be retained and the issue of fact be sent to a law court for trial.

*To remand* — THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McLEAN, JJ. 13.