[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 475 
This proceeding was commenced in the former Court of Chancery to enjoin the defendants from closing a roadway and interfering with the use thereof, on the ground that an easement of right-of-way exists over lands owned by the defendants in the Town of Dover, Morris County, New Jersey.
Prior to the adoption of the 1947 Constitution of the State of New Jersey, such an action would not have been maintainable in the Court of Chancery. The rule then was that where the prayer for equitable relief was based upon the alleged existence of an easement over lands of another, and the existence thereof was in substantial dispute between the parties, it was essential for the plaintiff to first establish by a suit at law the validity of his claim in order to justify the interference of a court of equity. The reason for this rule was that the question as to whether or not such an easement existed was purely a legal one, which must be settled in a court of law, and not determinable by a court of equity. Indeed, counsel could not by mere silence or by express consent, confer upon courts of equity the power to determine litigated matters, which, under our judicial system, must be settled in a court of law; or, stated in another way, strip the law courts of jurisdiction conferred upon them under the constitution and transfer it to courts of equity. However, in an appropriate case, the bill in equity would have been retained and the issue of fact sent to a law court for trial. Imperial RealtyCo. v. West Jersey Seashore Railroad Co., 79 N.J. Eq. 168(E. A. 1911). Ostrander v. United New Jersey Railroad andCanal Co., 83 N.J. Eq. 645 (E. A. 1914). Barry v.Tunick, 97 N.J. Eq. 281 (E. A. 1924). DeLuca v. Melin,98 N.J. Eq. 367 (E. A. 1925). Long Branch v. Hoch, *Page 477 99 N.J. Eq. 356 (E. A. 1926). Weber v. L.G. Trucking Corp.,140 N.J. Eq. 96 (E. A. 1947).
Under the Judicial Article, Article VI, of the 1947 Constitution, there is no such distinct separation of law courts and chancery courts as theretofore existed. "The Superior Court shall have original jurisdiction throughout the State in all causes." Art. VI, Sec. III, Par. 2. It "shall be divided into an Appellate Division, a Law Division, and a Chancery Division." Id., Par. 3. "Subject to rules of the Supreme Court, the Law Division and the Chancery Division shall each exercise the powers and functions of the other division when the ends of justice so require, and legal and equitable relief shall be granted in any cause so that all matters in controversy between the parties may be completely determined." Id., Par. 4. Rule
3:40-2 governing Civil Practice provides "* * * If the primary right of the plaintiff is equitable or the principal relief sought is equitable, the action is to be brought in the Chancery Division, even though legal relief is demanded in addition or as an alternate to equitable relief" and Rule 3:40-3, "Motion to transfer an action from one of the trial divisions to the other trial division shall be made within 10 days after the pleadings are closed, and unless so made, an objection to the trial of the action in the division appearing on the complaint is waived; but the court on its own motion may make such a transfer at or before the pre-trial conference. * * *"
In the instant matter, no objection to trial before the Chancery Division was made by any of the parties within the time specified, and the matter proceeded to final hearing without objection. Therefore, by virtue of the constitution and the rules, this court is vested with authority to grant "legal and equitable relief" in this cause, so that "all matters in controversy between the parties may be completely determined."
The defendant, Dover Boiler and Plate Fabricators, is a wholly owned subsidiary of L.O. Koven Brother, Inc., and The Hudson Realty Company, Inc. is a wholly owned subsidiary of The Delaware, Lackawanna Western Railroad *Page 478 
Company, Inc., all of which corporations were named defendants. The Town of Dover and the Attorney-General of the State of New Jersey were also named defendants. I shall specifically advert to them later.
The defendants own a large tract of land in the Town of Dover, Morris County, New Jersey, lying south of the main line tracks of The Delaware, Lackawanna Western Railroad and separated therefrom by a fence. Dickerson Street, a public street, runs generally east and west, parallel with and southerly from the main line railroad tracks, and terminates at or near the northwest corner of defendants' land. Parallel with the railroad tracks is an old building, approximately 550 feet in length, used by the defendant, Dover Boiler and Plate Fabricators, in the manufacture of boilers. Along the northerly side of this building is a railroad siding, and between the siding and the fence along the railroad tracks is a strip of land which has been used as a roadway and maintained by the boiler works. Easterly and southeasterly of the building lie the lands of the other defendants, which are vacant, although sometimes used for the storage of boilers and other fabricated equipment. To the south is a steep hill at or near the top of which the plaintiff owns a frame dwelling house known as No. 100 Park Avenue, Dover, New Jersey.
The roadway between the building and the tracks, and thence across the vacant lands, has been used as a right-of-way not only by the plaintiff, but by other persons living on Park Avenue, as a means of ingress and egress from their respective premises. Ten witnesses testified on behalf of the plaintiff; they were old residents of the town and vicinity, and testified from personal use of the roadway, as well as from personal knowledge. Their evidence established that the roadway was used continuously for upwards of 40 years, by persons whose homes were on Park Avenue; by merchants serving those residents; by the facilities of the Town of Dover, such as fire engines, police, water department; by nurses, doctors, undertakers and all manner of persons or vehicles that had occasion to go to or from Park Avenue. *Page 479 
With particular reference to the plaintiff, it was established that she is now about 32 years of age, has since birth lived with her family in the house on Park Avenue, and she and her family have always used the roadway across defendants' lands. It was also established that the roadway from the houses on Park Avenue westerly to South Morris Street is so steep as to be practically impassable, leaving the route across defendants' lands the only means of ingress to and egress from the Park Avenue area.
The defendant, Dover Boiler and Plate Fabricators, acquired the property in 1941, by deed of John W. Herman, William A. Dolan and Foster F. Birch, III, Trustees of Dover Boiler Works. Foster F. Birch, III, and William D. Birch, who was an officer of Dover Boiler Works, testified on behalf of the defendants. Both knew of the roadway and of its use by the plaintiff and others. William D. Birch stated that no permission to use the roadway was given to the users. So that the contention of the defendants that the use was permissible is unsupported; rather was the use hostile to the rights of the owners of the premises. Dover v.Brackenridge, 75 N.J.L. 204 (Sup. 1907). DeLuca v. Melin,103 N.J.L. 140 (E. A. 1926).
In 1942, during World War II, the defendants erected a wire fence around the property, with gates at the entrance to the property at the end of South Dickerson Street and at the foot of the roadway down from Park Avenue. The testimony disclosed that the fence and gates were erected not for the purpose of cutting off the easement, but as a safety regulation for a war plant. From their erection in 1942 until 1947, the gates were opened for the passage of plaintiff and other users of the roadway. However, since August, 1947, the gates have been locked, thus obstructing and interfering with the use of the roadway.
Defendants testified that the roadway across the vacant land was frequently obstructed by boilers. However, on such occasions, plaintiff and others would walk or drive around the boilers. So the obstruction was merely temporary and no more of an obstruction than would be encountered by a pedestrian *Page 480 
along a public street during delivery of merchandise to a commercial or factory building.
The law is that the open, notorious, continued and adverse use of a right-of-way across the lands of another from a residence or place of business to a public road for more than twenty years affords a conclusive presumption of a written grant of such right-of-way, and that if the owner of the dominant tenement desires to defeat such presumption, the burden is upon him of showing that such user began by permission and was not under a claim of right. Clement v. Bettle, 65 N.J.L. 675 (E. A.
1900).
It has been held that where the interference with the plaintiff's right to pass upon the street is that, and that only which may be exercised by every other individual, his injury, in legal contemplation, is not different in character from that which every other citizen sustains. Under such circumstances, a suit cannot ordinarily be maintained to restrain a nuisance which injures the plaintiff only in rights enjoyed by him as one of the public. But an information must be filed for the public in the name of the Attorney-General on behalf of the state, and it makes no difference as to the remedy that the individual would be much more inconvenienced by the nuisance than many others. Higbee Riggs v. Camden and Amboy Railroad Co., 19 N.J. Eq. 276 (Ch.
1868). H.B. Anthony Shoe Co. v. West Jersey Railroad Co.,57 N.J. Eq. 607 (E. A. 1898). Bioletti v. Sindoni,135 N.J. Eq. 609 (Ch. 1944). Where, however, it is shown that there is danger of special injury to the plaintiff distinct and different from that threatened to the public at large, relief may be afforded to prevent injury to his individual rights. Higbee Riggs v. Camden Amboy R.R. Co., supra. Morrison v. Standard OilCo. of N.J., 105 N.J. Eq. 104 (Ch. 1929); affirmed106 N.J. Eq. 281 (E. A. 1930).
In this case the complaint charges injury to the plaintiff as a member of the public and special injury to herself. The plaintiff has joined as parties defendant the Town of Dover and the Attorney-General of the State of New Jersey, alleging that by reason of the public user of the roadway the municipality *Page 481 
and the Attorney-General have an interest in the said road remaining as an open thoroughfare. The Town of Dover filed an answer in which it admitted that it has such an interest on behalf of its citizens and for the rendering of necessary municipal services to the residents thereof. No answer was filed nor appearance entered by the Attorney-General.
The Court is satisfied from the evidence that the use of the roadway was open, notorious and adverse to the knowledge of the owners of the servient land for more than 20 years. It is also satisfied that the plaintiff, because of the location of her property, has shown special injury distinct from that threatened to the public at large. And, even if plaintiff's injury was not different from that suffered by other members of the public, the joinder of the Attorney-General of the State of New Jersey as party defendant, his omission to file an answer or appearance and plaintiff's presentation of the evidence in the absence of the Attorney-General's intervention is, for practical purposes and in the interest of justice, tantamount to substantial compliance with the foregoing rule, which usually requires the filing of an information by the Attorney-General on behalf of the public.
Finally, defendants argue that the right-of-way is not sufficiently delineated to warrant imposition of an easement. Insofar as the area between the building and the railroad tracks is concerned, the path is well marked and defined. With regard to the right-of-way across the open lands beyond the building to Park Avenue, while not as definitely outlined as to be capable of as precise description as the former, nevertheless it has been sufficiently traversed and used to be capable of description by a surveyor in order to grant relief to the plaintiff without unnecessary injury to the defendants. If the parties cannot agree upon such description, the Court will appoint a surveyor to describe it.
The plaintiff also seeks damages for interference with her user, but no proof has been submitted upon which pecuniary judgment for temporary interference can be predicated. The plaintiff has shown depreciation in the value of her property *Page 482 
if the obstruction is continued, but in view of the conclusion reached, such depreciation will not result.
Judgment will be entered in accordance with the foregoing conclusions.