[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 136 
This is an appeal from a judgment entered in the Chancery Division directing the defendant to remove a fence which she had erected.
On November 8, 1948, the plaintiffs filed a complaint which alleged that they were the owners of a dwelling located at 170 North 16th Street, East Orange; that defendant was the owner of the adjacent dwelling located at 168 North 16th Street, East Orange; that there was a driveway between the dwellings located partially on plaintiffs' land and partially on defendant's land which had been used for more than twenty years as a means of ingress and egress for vehicles garaged in a building in the rear of plaintiffs' land; that plaintiffs had erected a new garage and had, with the consent of the defendant, resurfaced part of the driveway; and that the defendant had recently erected a fence on the property line between her premises and the plaintiffs' premises so as to render impossible the use of the driveway for vehicles. The complaint prayed that the defendant be directed to show cause why the fence should not be removed and for such other relief as the court deemed equitable and just. On the basis of the complaint and affidavits supporting its allegations, the Chancery Division issued an order to show cause returnable November 19, 1948, on which day the defendant appeared without counsel and the matter was *Page 137 
adjourned until November 26, 1948, and then to December 12, 1948.
On November 24, 1948, the defendant served a verified answer and counterclaim acknowledging that she had erected a fence near her property line but specifically denying the alleged easement and asserting that the land between her property line and her dwelling had never been used for driveway purposes. In her counterclaim she prayed that the plaintiffs be enjoined from encroaching upon her property and from interfering with the fence erected by her.
On the second adjourned return day of the order to show cause, the court, evidently acting under a misapprehension that the defendant did not wish to contest the action, entered final judgment directing the removal of the fence and perpetually enjoining the defendant "from erecting any fence, or structure of any kind, on the lands lying between her property and the property of the plaintiffs".
The plaintiffs contend that their proceeding was a summary one under Rule 3:79 and that the lower court properly tried the matter and entered final judgment on the basis of the verified pleadings. Their complaint presented the familiar situation in which the plaintiffs sought removal of an obstruction to an easement of way allegedly established by open, notorious and continuous user for more than twenty years under a claim of right and adverse to the owner. Such proceeding was never dealt with in summary fashion; on the contrary, where, as here, the existence of the easement was in substantial dispute between the parties the Court of Chancery, even after final hearing, was obliged to remit that issue to a court of law to be tried by jury. SeeWeber v. L.G. Trucking Corp., 140 N.J. Eq. 96 (E. A.
1947). Under present practice the Chancery Division would have no need to transfer an issue to the Law Division since the new rules contemplate that a Chancery Division action may there be finally heard and determined in its entirety (Const. Art. VI, Sec. 3,par. 4) and where a legal issue arises in the course thereof requiring jury trial (Const. Art 1, par. 9), it may be determined by jury or, upon consent or waiver (Rule 3:38), by the court. Cf. Poulos v. Dover Boiler *Page 138 and Plate Fabricators, et als., 2 N.J. Super. 473 (Ch.Div.
1948). Rule 3:79 is confined to cases where summary proceedings are expressly provided for by statute [Cf. Lazarus v. Home B. L. Assn., 133 N.J. Eq. 367, 374 (E. A. 1942)] or are expressly provided for by rules such as Rule 3:101. It has no application whatever to a proceeding to establish an easement of way and restrain interference therewith, which is not the subject of any statute or rule relating to summary proceedings. Accordingly, the entry of final judgment in summary fashion on the return of the order to show cause was without foundation and must be set aside.
The pleadings and ex parte affidavits before the Chancery Division on the return of the order to show cause were sufficient for its consideration of whether a preliminary mandatory injunction, compelling the removal of the fence pending trial, should issue. Cf. Rockaway Rolling Mill v. D.L. W.R.R. Co.,103 N.J. Eq. 297 (E. A. 1928). However, we need not determine whether the showing before the Chancery Division warranted such relief since at the argument of the appeal counsel stipulated that the fence had been removed by the defendant and would not be restored pending trial and that the plaintiffs are now using the driveway solely for an ordinary passenger vehicle and not for a business truck as had been charged by the defendant. The present status quo should remain pending trial and the parties may, if necessary, apply to the Chancery Division for the entry of an order to that effect, without prejudice to any subsequent application for leave to alter it in the event later circumstances so require.
 The judgment below is reversed, with costs. *Page 139