The defendants have moved for a trial by jury drawn from Warren County. The plaintiffs deny defendants' right to such a trial.
The parties are adjoining owners of lands in Warren County. The plaintiffs seek an injunction to restrain the defendants from interfering with the flow of water from ditches on defendants' premises basing their right to divert the water on one of two grounds: (a) that their deed includes the grant or (b) as an easement appurtenant. The defendants deny the claimed right. Thus, the primary issue to be determined is a legal one, namely, the existence of the easement. Only after the establishment by plaintiffs of such easement over the lands of defendants would they be entitled to equitable injunctive relief.
It has long been the law that the disputed question of existence of an easement is purely a legal one to be settled in a court of law before a jury, if demanded. Hart v. Leonard,42 N.J. Eq. 416 (E. A. 1886); Weber v. L.G. Trucking Corp.,140 N.J. Eq. 96 (E. A. 1947). Prior to the 1947 Constitution and the adoption of the Rules governing the Courts, the Court of Chancery was obliged to remit the determination of such a legal issue to a court of law. Now, however, such procedure is unnecessary. This Court may in the one proceeding determine the legal and equitable issues: with a jury for the determination of the legal questions, and without it, for disposition of the equitable rights. The salutary and progressive features of the constitutional and court procedural changes would be for naught if the rights of litigants to trial by jury when they are entitled thereto were denied them in the Chancery Division. Steiner v. Stein, 2 N.J. 367 (Sup. Ct. 1949);O'Brien v. Baldwin 2 N.J. Super. 134 (App. Div. 1949);Poulos v. Dover Boiler Plate Fabricators, 2 N.J. Super. 473
(Ch. 1949). *Page 579 
The plaintiffs argue that the application for a jury trial should be denied because the grant or easement is only formally disputed, and that no genuine question of fact exists. While this may be ground for direction of verdict in favor of plaintiffs, it is no reason for denial of defendants' motion for trial of a legal issue before a jury.
The action affects "the title to real property or an interest therein" and the venue having been properly laid in Warren County in which the "property affected is situate," Rule 3:3-2, the trial should be before a jury drawn from that county.