7 N.J. Super. 600 (1950)
72 A.2d 402
FLORENCE L. KIERNAN, PLAINTIFF,
v.
PAUL KARA, EVE J. HENDERSON MIANECKI AND JOSEPH MIANECKI, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 4, 1950.
*601 Mr. Emory J. Kiess, for plaintiff.
Messrs. Champion & Champion, by Mr. Louis D. Champion, for defendants.
HANEMAN, J.S.C.
This is an action by the plaintiff seeking to establish a right of way by prescription over the lands of the defendants. The facts in connection herewith are as follows:
On November 1, 1904, the land now owned by the plaintiff was conveyed by one Pardon Ryon, Jr., to Jennie Brown. At that time the said Pardon Ryon, Jr., owned several contiguous lots and continued to retain title to a lot adjacent to that of the plaintiffs. Some time after the purchase by Jennie Brown, a residence was erected on the lot so purchased by her. At the time of the conveyance to Jennie Brown there was in existence on the adjacent lot retained by Pardon Ryon, Jr., a driveway running from the front street to the rear of his property. This driveway as well furnished access to the rear of plaintiff's lot.
While the Brown house was being constructed, Harry Brown, the husband of Jennie Brown, had a conversation with the said Pardon Ryon, Jr., at which time he first discovered that the driveway here involved was not a public street. Pardon Ryon, Jr., then assured Harry Brown that so long as he, Pardon Ryon, Jr., lived, the Browns could use the said driveway *602 for access to the rear of their property. Said Pardon Ryon, Jr., died on June 25, 1915, devising defendants' property to his son, Arthur P. Ryon.
During a portion of the time that Arthur P. Ryon held title to the lot now owned by defendants he lived as a roomer in the premises owned by plaintiff. By mesne conveyances the title to the Brown lot ultimately became vested in plaintiff and the Ryon lot in defendants.
I find as a fact that plaintiff and the prior owners and occupants of her premises continuously used said driveway from on or about November 1, 1904, to December 1, 1948, for the delivery of food, fuel and produce to their home and for access to the rear of their property. During a part of the time a Mrs. Lippincott, who occupied the premises as a tourist house, and her guests, used said driveway for similar purposes. In addition, one of the predecessors in title, i.e., Gertrude C. Bates, whose husband was a physician, constructed an office on the side of plaintiff's house, with an entrance to the driveway here in question, and he and his patients used said driveway for access to said office.
The defendants not only contend that there was not such open, continuous and notorious user as is required to establish a right of way by prescription, but assert as well that if there were any user it was not adverse but was permissive.
It must be admitted that a permissive user cannot ripen into an easement. Penna. R.R. Co. v. Hulse, 59 N.J.L. 54, 35 A. 790; Soper v. Conly, 108 N.J. Eq. 370, 154 A. 852; affirmed, 107 N.J. Eq. 537, 153 A. 586.
In order for a party to establish a right of way by prescription it is necessary that there be proved an open, continued, notorious and adverse user for twenty years.
In DeLuca v. Melin, 103 N.J.L. 140, 134 A. 735, the court said at page 144:
"To sustain a title by adverse possession the party relying thereon must establish a continued, open, visible and exclusive possession and one that is hostile, that is, with the intention to claim title against the true owner, and, obviously, it must appear that the possession, *603 or use, which is claimed to be adverse was such that the owner knew, or should have known, that the disseizor intended to make title under it. Cornelius and Empson v. Giberson, 25 N.J.L. 1 (at p. 31); Cobb v. Davenport, 32 Id. 369; Myers v. Folkman, 89 Id. 390."
See also Foulke v. Bond, 41 N.J.L. 527; Clement v. Bettle, 65 N.J.L. 675, 48 A. 567; Nuzzi v. Corcione, 139 N.J. Eq. 339, 51 A.2d 357; Poulos v. Dover Boiler and Plate Fabricators, 2 N.J. Super. 473, 64 A.2d 468.
I find as a fact that the use here was open, continuous and notorious for upwards of twenty years. This reduces our consideration to the question of whether the user was permissive or adverse.
The gist of defendants' argument is that Jennie Brown and her successors in title used the driveway as licensees of Pardon Ryon, Jr. In this connection, it is to be noted that the license granted by Pardon Ryon, Jr., was only during his lifetime.
Unless coupled with an interest, or an equity has been created, a license is always subject to revocation in one of the following methods, (1) by the will of the licensor; (2) by the death of either of the parties; (3) by a conveyance of the land upon which it was intended to operate. East Jersey Iron Co. v. Wright, 32 N.J. Eq. 248.
The restriction of the license to the lifetime of Pardon Ryon, Jr., added nothing to what would have resulted from a license for an indeterminate period since a mere license to use real estate is revoked by the death of either the licensor or licensee. Page v. Gaskill, 84 N.J.L. 615, 87 A. 460.
In any event, the license terminated upon the death of Pardon Ryon, Jr.
Although a permissive user cannot ripen into an easement, continued use of a right of way after the termination of a permissive use becomes adverse if such use be accompanied by indicia of adverse claim. Page v. Gaskill, supra.
Normally, open, continuous and notorious use of a right of way for twenty years gives rise to a presumption of fact that it was adverse and under a claim of right, and throws *604 upon the opposite party the burden of showing that such user was by permission, express or implied. Clement v. Bettle, supra; National Silk Dyeing Co. v. Grobart, 117 N.J. Eq. 156, 175 A. 91.
The facts sub judice were such as to furnish an indication to the owner that a right was claimed against him.
It is therefore here held that the use of the plaintiff or her predecessor in title was open, continued, notorious and adverse for more than twenty years prior to December 1, 1948.
Judgment will be entered for plaintiff.